THE HAVEMEYER SUGAR REFINING COMPANY, Respondent, *v*. ISAAC W. TAUSSIG and Another, Appellants.

BENJAMIN H. HOWELL and Another, Respondents, *v*. ISAAC W. TAUSSIG and Another, Appellants.

*Arrest — application for discharge—when it should be granted under section 572 of the Code of Civil Procedure, as amended by section 6 of chapter 672 of 1886 — when unreasonable delay must be shown.*

On October 11, 1883, the defendants in this action were arrested under an order of arrest and held to bail in the sum of $9,000, and thereafter discharged upon giving an undertaking, with sureties, in the form prescribed by subdivision 3 of section 575 of the Code of Civil Procedure. The issues in the action having been tried and a verdict recovered against the defendants a judgment was, on December 24, 1884, entered against them. In February, 1887, no execution having been issued upon the judgment, an application was made for the release of the defendants and the discharge of their sureties

*Held,* that the court erred in denying the application, as the defendants were entitled to their discharge under the provision of section 572 of the Code of Civil Procedure, as enlarged and amended by section 6 of chapter 672 of the Laws of 1886.

Where no judgment has been entered the motion for a discharge must be made under the first part of section 572 of the Code of Civil Procedure, as amended by chapter 672 of 1886, and will not be successful unless the fact that the plaintiff has unreasonably delayed the trial of the action be affirmatively established by the applicant.

APPEAL from orders made at a Special Term denying motions to discharge the defendants from arrest and the sureties from an undertaking given in their behalf.

In the first case a judgment had been entered; in the second it had not.

*Abbett & Fuller*, for the appellants.

*Theron G. Strong* and *Joseph Kunzman*, for the respondents.

DANIELS, J.:

The defendants were arrested in this action under an order of arrest and held to bail in the sum of $9,000, on the 11th of October, 1883. They were discharged upon giving an undertaking with sureties in the form prescribed by subdivision 3 of section 575 of the Code of Civil Procedure. The issue in the action was tried and a verdict recovered against the defendants and judgment entered upon it on the 24th of December, 1884, and in February, 1887, no execution having been issued upon the judgment, this application was made for the release of the defendants and the discharge of their sureties. Whether it should be allowed to be successful depends upon the construction which section 6 of chapter 672 of the Laws of 1886, should receive. This section amended and materially enlarged section 572 of the Code of Civil Procedure. It is declared, except in a case where an order of arrest can be granted only by the court, "if the plaintiff * * * neglects to issue execution against the person of the defendant, within ten days after the return of the execution against the property, and in any event neglects to issue the same within three months after the entry of the judgment * * * the defendant must, upon his application, made upon notice to the plaintiff, be discharged from custody if he has already been taken under the mandate against him in such action." The pivotal point in the case rests upon the construction required to be given to so much of the section as has been quoted. The defendant's counsel has insisted that it includes the case

of a person who has been arrested under an order, not within the exception contained in the first part of the section, and who may have been discharged from such arrest by giving the undertaking which has already been mentioned. While on the part of the plaintiff it has been insisted that the defendants must remain in actual custody, or be discharged only upon the limits, to entitle them to invoke in their favor the authority of this section of the statute. But this position does not appear to have been well taken. For both the case of a person who is in actual custody and imprisonment, and the case of a defendant who may be discharged from an order of arrest by giving an undertaking for the limits, are contained and provided for in section 111 of the Code of Civil Procedure, as that has been amended by section 5 of this chapter of the Laws of 1886. It consequently follows that to entitle the defendants to the benefit of section 572 as it has been amended, it is not requisite that he shall be in fact imprisoned within the walls of the jail, or that he shall have been discharged from arrest, by giving a bond or undertaking, for the jail liberties.

The legislature must have intended, by section 572, as it has been amended, to include some other class of cases than those provided for by section 111, as that was amended in 1886; and the only other class of cases that can well be found is that where the defendants have been arrested under an order of arrest, and discharged by giving the undertaking executed and delivered in this instance. If the defendants were actually imprisoned under an order of arrest or by virtue of an execution, or because of their surrender by their bail, the case would be controlled by section 111. That has been made entirely complete for all cases of actual or close imprisonment under orders of arrest and execution, and for all cases where the defendants may be at large within the liberties of the jail, upon a bond or undertaking given for that object.

It, therefore, results that if these parts of section 572, as amended, do not include the case of defendants arrested under an order and discharged under the form of undertaking given in this case, it can have no intelligible subject-matter to which it may be made applicable, or on which it can operate; and that it must be applicable to this class of cases arises out of the fact that although the defendant is nominally at large by reason of the undertaking given in his

behalf, he is still not discharged from custody, for his sureties may at any time, under the authority of sections 592, 593 of the Code of Civil Procedure, themselves take him into actual custody and surrender him to the sheriff, and upon such surrender he is to be detained and imprisoned, unless bail shall again be given in his behalf, either for the limits or in the form in which it was obtained for these defendants, when they were taken under the order of arrest. Having this authority over the defendants, they continued subject to the custody and control of the sureties in the undertaking.

They cannot be said to have been set at liberty and to have been discharged from the order of arrest as long as the sureties have been delegated this authority to rearrest and surrender them at any time when they may consider that to be proper. They are still, while subjected to this liability, in custody, in a general sense, and that is as much as this section has required. It is true it is not the custody of the sheriff or of the court, but it is the custody of the sureties who have become bail, and it was the intention of this section that they should remain subject to no such control beyond the period of three months after the entry of the judgment in the action against them.

The other direction contained in the same section further sustains this construction. For it has been there provided that the defendants shall be relieved from imprisonment, even though they have not been imprisoned in the action by virtue of the order of arrest, after the expiration of three months from the entry of the judgment, unless reasonable cause is shown why the application should not be granted. This direction includes the case of a defendant who has not been arrested at all, and discloses the intention of the act to be not only to entitle the defendants to be discharged from liability to an arrest under execution, unless the execution is issued within three months after the entry of the judgment where they have been taken into custody under a mandate issued in the action, but also to authorize the court to relieve them from suspense or the apprehension of imprisonment by execution after the lapse of the same period, where there has been no arrest or imprisonment, unless reasonable cause is shown why the application should not be granted. The defendants brought themselves

within this section of the statute, for the judgment in the action had been recovered and entered more than two years before notice was given that the application to relieve them from further liability to imprisonment was made. It has been suggested, although the fact does not appear in the case, that an appeal has been taken from the judgment, which is still pending, and for that reason an execution to enforce it has not been issued against the defendants. But such an appeal, without staying the proceedings in the action, will not be attended with the effect of enlarging the time within which under this section of the statute the execution must be issued against the body or prevent the defendants from obtaining their discharge from its liability.

The order in the case should be reversed, but as the point is new and the statute somewhat obscure, without costs, and an order entered relieving the defendants from the risk of imprisonment and discharging their sureties.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed, without costs, and order entered as directed in opinion.

The following opinion was delivered in the second above entitled action.

DANIELS, J.:

The motion to discharge the same defendants from custody in the action of Benjamin Howell and others, depended upon a different state of facts from those in the suit of the Havemever Sugar Refining Company.

In this action no judgment has been recovered, and the only ground or authority that has been provided for their discharge is that contained in the first part of section 572 of the Code as it has been amended by chapter 672 of the Laws of 1886. That permits the defendants to be discharged if the plaintiff unreasonably delays the trial of the action; and while it has been stated that the defendants were discharged from arrest by giving the undertaking on the 11th of October, 1883, no fact has been set forth from which it can be assumed to have been proven that the plaintiff has unreasonably delayed the trial of the action. That is a fact to be affirmatively

established in support of the application before it is allowed to prove successful. It was not so established in the application made in this case, and the order denying it was for that reason authorized, and it should be affirmed. but, as the other has already been directed to be, without costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order affirmed, without costs.