## NEWGAS *v.* SOLOMON.

*N. Y. Supreme Court, First District, Chambers; January,* 1888.

*Execution against person.*] The pendency of proceedings supplementary to execution will not justify the judgment-creditor in delaying to issue an execution against the person, even if it be true that such proceedings cannot be continued after a body execution has issued. *So held,* on motion to discharge from liability to imprisonment on a body execution.

Motion for an order relieving the defendant from any imprisonment, and from any body execution, and that he be absolutely discharged from imprisonment.

In the action, brought to recover chattels, judgment was entered October 27, 1886. No execution against defendant's person had been issued before this motion, but proceedings supplementary to execution were taken in May, 1887, and were still pending, the defendant having been examined, and the proceedings having been adjourned from time to time for the examination of witnesses.

The affidavit of the plaintiff's attorney in opposition alleged that he had not issued execution against the person of the defendant, believing it to be irregular during the pendency of said examination.

*Blumenstiel & Hirsch,* for the defendant and the motion.

*Townsend, Dyett & Einstien,* for the plaintiff, opposed.

ANDREWS, J.—The general term of this department has held that the pendency of an appeal from a judgment

is not a sufficient reason for delaying to issue an execution thereon against the person,* and it seems to me that, *a fortiori,* the pendency of supplementary proceedings will not justify the plaintiff in delaying to issue such an execution, even if it be true, as claimed, that such proceedings cannot be continued after the body execution has been issued.

---

* So held in Havemeyer Sugar Refining Co. *v.* Taussig, 19 *Abb. N. C.* 57.

