(17 App. Div. 290.)

## KNOX v. DUBROFF.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

TRIAL—PREFERENCES OF CAUSES.

A cause may be preferred at the instance of plaintiff, under General Rule of Practice 36, providing that "if the defendant be imprisoned under an order of arrest in the action, or if the property of the defendant be held under attachment, the trial of the action shall be preferred."

Appeal from special term, New York county.

Action by Joseph A. Knox against Solomon Dubroff for goods sold and delivered. From an order denying a motion for preference, plaintiff appeals. Reversed.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

John M. Bowers, for appellant.
Louis Steckler, for respondent.

PER CURIAM.    Rule 36 of the General Rules of Practice provides:

"Whenever in any action an issue shall have been joined, if the defendant be imprisoned under an order of arrest in the action, or if the property of the defendant be held under attachment, the trial of the action shall be preferred."

The plaintiff obtained an order of arrest, on which the defendant was held to bail, and, in addition thereto, obtained an attachment upon the defendant's property; and, upon this latter ground, the action was one in which a preference was proper.    This is not seriously disputed, but it is urged by the respondent that the rule granting the preference was made for the benefit of the defendant, and that, unless the latter moves, the plaintiff, not being injured, has no right to take advantage of the rule.    The language employed, however, is not susceptible of any such construction.    It defines under what conditions the trial of the action shall be preferred, and, when the conditions are present, the benefit of the rule is as much available to the plaintiff as it is to the defendant.

As the court was therefore in error in construing the rule, the order appealed from must be reversed, with $10 costs and disbursements, and the motion for a preference granted, with $10 costs to appellant to abide the event.

