(58 App. Div. 540.)

BOEGER v. HOFFMAN.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

PREFERENCE—ARREST—BAIL.

Under general rule of practice 36, declaring that, if a defendant be imprisoned under an order of arrest in the action, the same shall be preferred, the plaintiff is not entitled to a preference where defendant has given bail and been discharged from arrest.

Appeal from trial term, New York county.

Action by Henry Boeger against Joseph A. Hoffman. From an order denying a motion for a preference, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. Edgar Goldman, for appellant.
George A. Baker, for respondent.

RUMSEY, J. The claim for a preference was made under general rule 36, on the ground that the defendant was imprisoned under an order of arrest. It appeared, however, that he had given bail, and that, having given bail, he had been "discharged from arrest," as it is expressed in section 573 of the Code of Civil Procedure. Clearly, having been discharged from arrest, he cannot legally be said to be imprisoned under an order of arrest, and for that reason the preference should have been denied. The plaintiff cites the case of Knox v. Dubroff, 17 App. Div. 290, 45 N. Y. Supp. 271, as authority that the action should have been preferred; but it appeared in that case that the plaintiff had obtained an attachment upon the defendant's property, and the action was held to be preferable upon that ground. The question discussed in Refining Co. v. Taussig, 19 Abb. N. C. 57, has nothing to do with the case at bar. The order therefore should be affirmed, with $10 costs and disbursements. All concur.