# SUPREME COURT.

### BURKLE vs. ELLS et al.

A defendant is not entitled to be discharged from arrest upon a *ca. sa.* issued upon a judgment founded upon a recovery against him as a common carrier, in an action on the case for negligence.

A breach of the duty of a common carrier is a breach of the law, for which an action lies, founded on the common law, and which wants not the aid of a contract to support it.

Although an action of assumpsit will lie in such a case, upon an implied contract, yet, in an action on the case founded on the breach of the law, it must be regarded as sounding in tort.

*Oneida Special Term, Dec.* 1849.—Motion to discharge the defendant from a *ca. sa.*

CHAS. H. DOOLITTLE, *for the motion.*

F. KERNAN, *opposed.*

GRIDLEY, Justice.—The ground on which the defendant asks for his discharge from the execution, is that the judgment against him is founded upon contract, and that he is, therefore exempt from arrest or imprisonment upon it, unde the first section of the act to abolish imprisonment for debt and to punish fraudulent debtors, (Laws of 1831, p. 396.) That act provides "that no person shall be arrested or imprisoned, on any civil process issuing out of any court of law, &c., in any suit or proceeding instituted for the recovery of any money due on any judgment founded upon contract, or due upon any contract, express or implied, or for the recovery of any damages for the non-performance of any contract." If this judgment, therefore, was founded on *contract*, the defendant is entitled to be discharged; otherwise not.

In *Brown* v. *Treat* (1 Hill, 225,) it was held by COWEN, J., that a defendant was entitled to be discharged, in a cause where there was a recovery on a declaration containing two counts in assumpsit, one in case for negligence and one in trover. It was indeed *said* in the opinion, that where an action on contract would lie, although an action of tort would also lie, and a judgment had actually been recovered in tort, the defendant would be entitled to his discharge. But that part of the opinion was expressly overruled in *Suydam* v. *Smith*, (7 Hill, 182;) and the decision itself was disapproved in (7th Hill, 578,) in the case of *McDuffie* v. *Beddoe.* We come back, therefore, to the question whether the judgment was founded upon contract or not.

The recovery was had against the defendant as a common carrier, for the loss of a quantity of flour. The action in such a case will lie on the implied contract, or in case, on the custom of the realm founded on the duty which the law imposes upon the party in consequence of the nature of his employment. When the action is brought on the latter ground, the recovery is not founded on a contract, and it is not necessary that any contract should be proved, or any consideration paid, or agreed to be paid. (See 3 Wendell, 167; 3 Brod. & Bing. 54; *Coggs* v. *Bernard,* 2 Lord Raymond, 909.) If he undertake to carry gratuitously, he is, notwithstanding, liable in case for negligence. The declaration in this case, as will appear by a comparison of it with the precedents, (2 Ch. Pl. 155 and 320,) is founded, not on the contract, but on the custom of the realm and the duty of the carrier. The grievance is averred to be the "*carelessness, negligence and improper conduct*" of the defendant, and positive negligence was proved on the taking of the inquisition as appears by the affidavit of one of the jurors. In just such a case as this, the Supreme Court held, not only the *form,* but the *cause* of action to be *in tort.* In the 3d Wendell, 158, *Bank of Orange* v. *Brown and others,*) there was a plea of abatement to a declaration like the one under consideration, on the ground that there were fifty other proprietors of the steamboat who should have been made defendants. Now, if the action had been founded on contract, all the owners of the boat should have been made parties; but if the action sounded *in tort,* then the plaintiff might sue all or any number of the tort feasors at his election. Upon a demurrer to the plea, the court held the action to be *in tort,* and not in contract, and sustained the demurrer. In an able and elaborate opinion, Chief Justice Savage maintains that *the cause of action* was *in tort* as well as the *form.* Among others, the Chief Justice reviews the case of *Brethertan* v. *Wood,* (3 Brod. & Bing. 54,) in which Dallas, Ch. J. of the Common Pleas, in delivering the judgment in the Court of Exchequer Chamber, holds this language: "This action is on the case against a common carrier upon whom a duty is imposed by the custom of the realm; or, in other words, by the common law. A breach of this duty is a breach of law, and for this breach an action lies, founded on the common law, which action wants not the aid of a contract to support it." He admits that assumpsit would lie, but regarded the action founded on a breach of the law, and sounding *in tort.*

This view of this case is decisive against the defendant, and the motion must be denied with costs.