## CLAFLIN *a.* FRANK.

*Supreme Court, First District; Special Term, April,* 1859.

ARREST.—FRAUDULENT REPRESENTATIONS ON PART OF AGENT.

Though a defendant would be civilly liable for the fraud of his agent, he is not liable to arrest therefor, without personal guilt on his part in respect to the commission of the fraud, or by ratification of the fraudulent act.

To warrant arrest of a defendant whose fraud is alleged as the ground for the order, the fraud must be clearly proved. If there is a serious doubt as to the fraud, an order of arrest is not allowable.

Motion to vacate an order of arrest.

The facts are stated in the opinion.

STRONG, J.—The order for the arrest of the defendant was granted on affidavit setting forth that, on or about the 10th of February, 1859, the defendant applied to the plaintiffs, in this city, to sell him goods; and to induce the plaintiffs to do so, made certain statements in regard to his pecuniary circumstances, by which the plaintiffs were influenced to sell to the defendant at that time, and within a few days thereafter, goods to the amount of $707.39; that the statements were false and fraudulent, and the defendant was thereby guilty of fraud in contracting the debt.

It now appears, by the affidavits for the motion, that the defendant left the city on the 2d of February, 1859, for New Orleans, and was absent until the 19th of March, and that the goods were purchased during his absence by the defendant's wife on the defendant's account.

Previous to the purchase of those goods, and on the 10th of January, 1859, the wife and son of the defendant called at the plaintiff's store and purchased a bill of goods in behalf of the defendant, which the wife paid for on the 9th and 17th of February thereafter. On the occasion of that purchase, some in-

quiries were made of the son as to the property of the defendant, but the son denies having made any such statements as are alleged to have been made by the defendant in the affidavits for the order.

The plaintiffs reply to these facts by affidavits of the same persons who made the affidavits to obtain the order, in substance that the representations were made by the defendant's son at the time of the purchase on the 10th of January, and explanations are given of the mistakes in the former affidavits, to wit: that one of the persons did not know the defendant, and understood the son to be the defendant; and that the other did not read the affidavits carefully. It is further set forth in one of the affidavits in reply, that shortly after the 10th of January, and while the defendant was making purchases of the plaintiffs, the witness saw the defendant in the store of the latter, and told him it was the rule in the plaintiffs' store to require representations from persons who applied to purchase goods as to their means, and then inquired of him in regard to his responsibility, when the defendant referred to what his son had said as to the defendant's means, and said it was true, and proceeded himself to make similar representations on the subject. These affidavits also state that the subsequent purchases were made on the faith of the representations of the son, and the reiteration and confirmation of them by the defendant.

What was said by the son on the 10th of January, if it were false and fraudulent, and the goods purchased thereafter were obtained on the faith of it, furnished no ground for the order in question, unless the statements were authorized or subsequently approved by the defendant. The defendant would be civilly liable for the fraud of his agent, but would not be subject to arrest by reason of it; there must be personal guilt of a party to a debt, in respect to fraud in contracting it, to make him liable in an action for the debt to arrest, within the spirit of section 179, subdivision 4 of the Code.

The order of arrest must then depend for support upon the affidavit of the aforesaid conversation with the defendant. The defendant swears that neither the plaintiffs, nor any one on their behalf, ever questioned him as to his circumstances, and that he never made any representations on the subject. The plaintiffs' witness to the conversation is corroborated by an affidavit that

about that time the witness claimed to have had such a conversation with the defendant.

To warrant an arrest of a defendant, whose fraud is alleged as a ground for the order, the fraud must be clearly proved. If there is a serious doubt as to the fraud, an order of arrest is not allowable.

In the present case, the force of the affidavit as to the conversation with the defendant, at his store after the 10th of January, is materially impaired by the circumstance of the witness having previously sworn that the goods were sold on the faith of prior representations by the defendant at the plaintiffs' store, which is now conceded to be erroneous, and by his own admission of having sworn to his former affidavit without having read it carefully. When the case made by the original affidavits was fully disproved, this conversation was first resorted to to sustain the order. There is much in this to excite suspicion, and I think the affidavit, with the circumstances relied on in corroboration, is at least balanced by the denial referred to of the defendant.

In my opinion, therefore, the order of arrest should be vacated, and it is ordered accordingly, with $10 costs.