## THE HANOVER COMPANY *a.* SHELDON

*New York Common Pleas; Special Term, October,* 1859.

ARREST.—LIABILITY OF PARTNER FOR FRAUD OF CO-PARTNER.

A partner is not liable to arrest on the ground of fraud committed by his co-partner in contracting the partnership debt on which the action is brought, in the absence of proof that he knew of such fraud, or that he in some way ratified the transaction.†

Motion to discharge an order of arrest.

The facts are stated in the opinion.

HILTON, J.—Where property has been obtained by a firm, through the fraudulent representations of one of its members, in an action brought to recover its value, after a demand for its return has been made, there seems a propriety in holding all the

---

* No appeal was taken, but the defendants answered.

† Compare Bull *a.* Melless, *Ante,* 58, and *note.*

partners liable for the fraud, when at the time of the demand the property was in the possession or under the control of the firm.

By retaining it, they should each be considered as participators in the fraud by which it was procured, and liable for its consequences.

Upon these views the anonymous case (6 *Abbotts' Pr. R.*, 319) was decided, but there is a wide difference between that case and this. Here the plaintiff sues upon an indebtedness arising out of a sale and delivery of merchandise, which it is alleged was made upon false representations of the defendant, Horace B. Sheldon, respecting the solvency and pecuniary condition of his firm. After the expiration of the credit upon which the goods were sold this action is brought, affirming the contract, but asking upon affidavits that all the defendants be arrested for the fraud alleged to have been committed by one of them, in contracting the indebtedness.

In the absence of any proof that the defendants, Odiah L. Sheldon and William L. Harris, knew of the representations upon which their co-partner, Horace B. Sheldon, procured the goods from the plaintiffs, I do not perceive any ground upon which they can be held responsible for the fraud complained of, and as to them the order of arrest should be discharged.

As to the other defendant, a careful examination of his affidavit, fails to convince me that the statements made by him, when he procured the plaintiffs' property, were true, and as he must, under the circumstances disclosed, be presumed to have known the condition of his firm at the time, he should therefore be held responsible, to the same extent as if he had wilfully misrepresented its condition for the purpose of obtaining property of the plaintiff, and for this reason the order as to him should be retained.

Order accordingly.