# KEELER a. CLARK.

*Supreme Court, Sixth District; Special Term, August,* 1864.

EXECUTION AGAINST THE PERSON.—ACTION ARISING ON CONTRACT.—CAUSE BROUGHT FROM JUSTICE'S COURT, BY APPEAL, TO THE SUPREME COURT.

An action to recover damages from the defendant for negligently injuring property of the plaintiff in his possession, is to be regarded as an action for misfeasance or malfeasance, and not an action for breach of contract, though the property were in possession of the defendant by virtue of a bailment; and

an execution against the person may be issued upon a judgment in such action.

The remedies by execution for enforcing a judgment recovered in the Supreme Court upon an appeal from a justice's court, are the same as if the action had been brought in the Supreme Court.

Motion by the plaintiff to set aside an execution on which he has been arrested, and by virtue of which he is in the custody of the sheriff of Broome county.

The plaintiff, William H. Keeler, brought an action before a justice of the peace of Broome county (commencing it by summons), in 1861, against the defendant, Daniel Clark, in which he complained as follows: "The plaintiff complains against the said defendant as follows: that in or about the year 1857, the defendant had in his possession and use a yoke of oxen belonging to and owned by plaintiff; and that while using and working said oxen, defendant carelessly and negligently rolled a stump upon said oxen and broke the leg of one of them, and afterwards killed the same, by reason whereof plaintiff sustained damage to the amount of one hundred dollars; therefore plaintiff demands judgment against the defendant for one hundred dollars, and the costs of this action."

The defendant answered the complaint by denying the several allegations in it.

The action was tried before the justice without a jury; and he rendered a judgment in favor of the plaintiff for $56 damages, besides costs.

The defendant appealed from the judgment to the Broome county court, where the judgment was affirmed.

He then appealed to this court, where the judgment of the county court and that of the justice were reversed, and judgment was rendered against the plaintiff for costs.

After the return of an execution against the plaintiff's property unsatisfied on the said judgment of this court for costs, the execution in question was issued on the same judgment against his person, by virtue of which the sheriff of Broome county arrested him and has him in custody; and this execution the plaintiff now moves to set aside.

*Lewis Seymour*, for motion.

*T. D. Wright* and *B. S. Curran*, opposed.

BALCOM, J.—The manner in which actions are to be commenced before justices of the peace, except those to recover the possession of personal property, is not prescribed by the Code. (See *Code*, §§ 52–68.)

Actions in justice's courts, except those above mentioned, are now commenced, as heretofore, by the voluntary appearance and agreement of the parties, or by summons, warrant, or attachment, as provided by the Revised Statutes, the act of 1831, to abolish imprisonment for debt, and the statutes amending the same. (See 3. *Rev. Stat.*, 5 ed., 428–433; *Ib.*, 462–465; *Laws of* 1831, 396, ch. 300; 1 *Cow. Treatise*, 2 ed., 451–493.)

Title seven of the second part of the Code concerning provisional remedies in civil actions does not relate to actions in courts held by justices of the peace. (*Code*, § 8.) A defendant cannot be arrested under that title, or under any other provision of the Code, in an action commenced before a justice of the peace. He can only be arrested in such an action when it is commenced by warrant issued by the justice in the manner prescribed by statute irrespective of the Code.

But parties to actions brought before justices of the peace, though commenced by summons, for torts or wrongs, and for some other causes of action, are liable to arrest and imprisonment by virtue of executions issued on judgments rendered in such actions. (See Statutes, cited *supra ;* 2 *Cow. Tr.*, 2 ed., 1034–1047; *Laws of* 1840, 120; 9 *Wend.*, 430; 13 *Ib.*, 68.)

The plaintiff's counsel contends that the complaint shows that this action was founded on contract, and that it was not purely *ex delicto ;* and he therefore insists that the plaintiff's imprisonment by virtue of any execution issued on the judgment in it, is forbidden by the first section of the act to abolish imprisonment for debt. (*Laws of* 1831, 396, ch. 300.) He relies principally upon the decisions in Masters *a.* Stratton (7 *Hill*, 101), and Wilbur *a.* Brown (3 *Den.*, 356), to sustain his position. But those decisions do not aid him. Those actions were for *non-feasance*, mere omissions of duty imposed by contracts; and they could not be sustained without proving such contracts; and of course were founded on contracts, and were brought for the recovery of damages for the non-performance thereof by the defendants.

This action was brought for *mis-feasance* or *mal-feasance*, for negligently doing positive acts, and was maintainable, if at all, for *tort* simply, without reference to any contract made between the parties. The plaintiff could have recovered a valid judgment if the proof of negligence on the part of the defendant had been sufficient, without showing that the defendant was using the oxen pursuant to a contract at the time they were injured. He was not bound to prove, to sustain his complaint, that he gave the defendant permission to use the oxen. His case would have been established if he had showed himself free from negligence, and that the oxen were injured by the negligent acts of the defendant. It would therefore be erroneous to hold that the action was founded on contract, or that it was brought for the recovery of damages for the non-performance of a contract.

But if the plaintiff had been obliged to prove, to sustain the complaint, that the defendant used the oxen by virtue of an agreement between the parties, still the action would have been *ex delicto*,—i. e., for positive wrong on the part of the defendant in carelessly and negligently rolling a stump upon them, and breaking the leg of one of them.

The Court for the Correction of Errors held in McDuffie *a.* Beddoe (7 *Hill*, 578), that an action may be *ex delicto*, or for tort, though a contract be alleged by way of inducement; and I held the same way, without having my attention called to that case, in Ridder *a.* Whitlock. (12 *How. Pr.*, 208.)

It seems to me to be very clear that this action was one for injuring the plaintiff's oxen, and not one for a breach of a contract for their use; and that if the action had been commenced in this court, the defendant could have been arrested and held to bail under section 179 of the Code, and also imprisoned by virtue of an execution against his person, issued upon a judgment against him in the action by virtue of section 288 of the Code.

The complaint contains a statement of facts showing one of the causes of arrest (to wit, an injury to the plaintiff's oxen by the negligent acts of the defendant), required by the above-mentioned section 179 of the Code; and the judgment of this court in the action must be enforced by execution according to the Code. (§ 283.)

The defendant could have been imprisoned by execution, issued on the judgment of the justice, if he had not appealed therefrom; and the plaintiff could have been imprisoned by execution, issued by the justice, if the justice had rendered judgment against him instead of in his favor, and no appeal had been taken therefrom.

I am of the opinion that the remedies by execution for enforcing the judgment rendered by this court, in the action, are the same they would be if the action had been commenced in this court; and that the execution against the person of the plaintiff, on the judgment rendered against him by this court for costs, was regularly issued; and that the motion to set it aside should be denied, with $10 costs.

Order accordingly.

---

## BARNAMAN a. WILLIAMS.

*Supreme Court, Eighth District; Special Term, July,* 1864.

ATTACHMENT IN JUSTICE'S COURT.—DEFECTIVE RETURN.

Where, in an action commenced by attachment before a justice of the peace, the attachment is not personally served, and the return states that a copy was left with the wife of one of the defendants at a place named, as the defendants could not be found in the county; but the return does not state that she had possession of the property attached, nor that any inventory or statement of it was left with the attachment, the justice does not acquire jurisdiction by such service; and if there be no appearance or waiver of the defect, the proceedings afford no protection to the plaintiff in the attachment in selling upon an execution subsequently issued, the property so attached.

Motion for new trial on a case.

The facts sufficiently appear in the opinion.

*Geo. W. Cothran,* for the plaintiff.

*L. L. Lewis,* for the defendant.