(23 Misc. Rep. 722.)

### LASCHE v. DEARING.

(Supreme Court, Special Term, Kings County.   June, 1898.)

EXECUTION AGAINST THE PERSON.
> Under Code Civ. Proc. § 1487, authorizing an execution against the person except where the right to the arrest depends on the nature of the action; and section 549, authorizing the arrest of defendant in actions to recover for personal injuries,—execution against the person in an action against a master to recover for personal injuries sustained through negligence of a servant cannot be issued, section 3343 defining a personal injury as including "libel, slander, criminal conversation, seduction and malicious prosecution; also assault, battery, false imprisonment or other actionable injury."

Action by Ernst Lasche, an infant, by his guardian ad litem, against James W. Dearing.   Verdict and judgment for plaintiff.   Heard on motion to vacate an execution against the person issued on the judgment.   Motion granted.

Eugene V. Brewster, for plaintiff.
S. Bishop Marks, for defendant.

JOHNSON, J. A judgment has been recovered in this action against the defendant for over $1,000, and he is now held under execution against the person. Application to release him is made on the ground that this is not an action in which an execution against the person is allowed, no order of arrest having been made. The pleadings show that the action was for an injury caused by the breaking of the ropes sustaining a dumb-waiter. The allegation of the complaint is that the defendant owned the building, and was negligent in not repairing the ropes, having knowledge that they were out of repair. It is also alleged that the injuries were caused by the neglect and carelessness of the defendant, his agents, servants, and employés. In his moving papers, the defendant states that he was not present at the time the injury occurred, and knew nothing of it. That statement is denied. While any fact presented inconsistent with the judgment would be of no effect, it is nevertheless clear that that statement is entirely consistent with all that the judgment decides or implies. Hence this case is practically a case for negligence, —negligence of omission rather than commission, from which a personal injury has resulted; and the question is whether or not an execution against the person can be issued in this case.

No order of arrest has been granted; hence the question here is whether or not the nature of the action was such as to give cause for arrest. Code Civ. Proc. § 1487. That brings us directly to section 549, which occupies nearly a page in stating and very carefully defining the different cases in which an arrest is allowed. Clearly none of the cases there stated apply here, unless this is a case "to recover damages for a personal injury." But a "personal injury" is defined in section 3343, as follows: "A 'personal injury' includes libel, slander, criminal conversation, seduction and malicious prosecution; also assault, battery, false imprisonment or other actionable injury to the person either of the plaintiff or of another." Clearly, none of the cases specifically stated in the definition apply. This was neither an action of libel, nor of false imprisonment, nor of either of the classes specified between these two. If there is anything in the definition which affects this case, it is in the general words "other actionable injury to the person." This must be so, and it is practically so assumed and stated in all the cases which relate to this question. Hence the question here simply is: What do those general words, as they there stand related and connected, mean? What, if any, additional right of arrest do they give? Any meaning allowed them which is broad enough to include this case makes them broad enough to include assault and battery,—the specific cases stated immediately before,—and so makes surplusage the words "assault" and "battery," and perhaps other words. But a construction which makes useless those pivotal and important words is obviously faulty if any other construction is allowable. Besides, there is another rule which seems to clearly forbid this execution to stand. It is well settled that when specific words are closely connected, as here, with general words, the specific words characterize the general words, so limiting or restraining them as to indicate a class of cognate or related, rather than that of diverse, kinds. Hickey v. Taaffe, 99 N. Y. 204, 1 N. E.

685; Wakefield v. Fargo, 90 N. Y. 218; People v. Richards, 108 N. Y. 137, 15 N. E. 371; In re Hermance, 71 N. Y. 481; People v. New York & M. B. Ry. Co., 84 N. Y. 565. The rule stated in these cases would lead us to construe the definition quoted as though the specific words had been followed by the words "or other similar actionable injury." Applying that rule to this case, the whole definition is at once clear and harmonious, and all its words mean something. All the specific words state cases of affirmative and active wrong with more or less of turpitude, according to the character of the wrong. And those words, the center and core of the definition, characterize these general words, and prevent them from being construed so as to allow an arrest for anything so different as a mere omission, or the wrong of an omission, even though negligent and careless, and resulting, as in this case, in an injury to the person. And the contrary view would lead to still other absurdities. If these general words are to be construed as though they stood alone, then we have a definition which says, in effect, that a personal injury is an injury to the person,—a result obviously absurd. The proper view of this definition, it seems to me, is this: Its first part, "libel," "slander," etc., brings into it wrongs which otherwise might not be classed as personal injuries; while its last words, "assault," etc., characterize and restrain what otherwise might be deemed the natural import of the general words. That makes it truly a definition, excluding as well as including, and, in a proper and correct sense, defining, a class. The rule that penal statutes are to be strictly construed, it seems to me, also applies to this case; and, if it were otherwise in doubt, that rule would resolve it against a construction which would give a remedy by arrest and imprisonment.

As sustaining a contrary view, reference has been made to section 553 of the Code of Civil Procedure. That section provides, in effect, that a woman cannot be arrested under the provisions of that title, except in proceedings in the nature of contempt, and for willful injury to person, character, or property. From that it has been held that the test as to the right to arrest a man, in an action for personal injury, is not dependent on whether or not the act is willful, or on the character of the act, so long as a personal injury results. Ritterman v. Ropes, 52 N. Y. Super. Ct. 236. But a consideration of the effect and scope of section 553, I think, clearly repels that inference. That section certainly relieves a woman from arrest in any and all cases where, being the plaintiff, a judgment for costs is given against her. Equally it relieves her from arrest in an action founded on a breach of promise to marry, or for the appropriation of money received as agent or in a fiduciary capacity, and, doubtless, in many cases of slander or libel. Hence it follows that the section relieves, or may relieve, a woman from arrest in nearly all the cases specifically stated, in which such a remedy would otherwise run against her. With that large and adequate effect as to the arrest of women in those cases specifically stated, it would hardly seem right to give it an ulterior effect, as the arrest of men, by enlarging general words upon which the section does not seem to have any direct effect. There are authorities which indicate the contrary view, but I think the fact that orders

of arrest are not ordinarily claimed in negligence cases, and are not usually obtained against the plaintiff where the judgment is for the defendant (see Miller v. Woodhead, 52 Hun, 127, 5 N. Y. Supp. 88), should have some weight in construing this section.   But I feel compelled to decide the question on the general and well-grounded rules which seem to me to control, rather than on the very few cases which are claimed to apply to this particular section of the Code.

The discharge of the defendant is also urged under section 572 of the Code, on the ground that execution against the person was not issued until about nine months after the entry of judgment.  I am inclined to think that section does not apply to this case; but holding the view here stated, I deem it unnecessary to pass upon that question.   Motion to set aside the execution against the person granted.

Motion granted.