ficient. As the motion papers here were duly served upon the presidents both of the council and the board of aldermen, the writ was accordingly granted upon the notice which is prescribed by law. Indeed, the only point made against the service is that the president of the council is not "appointed pursuant to law," for the reason that he is an elective officer. There is no force in this contention. The word "appointed" was not here used in a narrow or technical sense. It certainly does not contemplate an executive appointment. What is plainly meant is a chairman or presiding officer for whom the law has made provision; that is, one who holds his position, not by the mere courtesy of his fellow members, but either under direct legislative mandate or by selection under legislative requirement.

The only other point presented by the appellants which need be noted is that the writ was an infringement of the legislative powers of the municipal assembly. This question cannot be raised upon the present appeal. The court had jurisdiction to determine whether the act in question was legislative or ministerial; and it accordingly did determine—upon the notice required by law, and after hearing the corporation counsel, who is the exclusive legal adviser of the municipal assembly (Laws 1897, c. 378, § 255)—that the required act was ministerial, and, consequently, that its performance was not discretionary, but mandatory. That adjudication can only be questioned upon a direct appeal from the order granting the writ. Upon the present motion, the affidavits show that the writ of peremptory mandamus was personally served upon the appellants, and that, with full notice of the contents thereof, they failed to obey its mandate. The papers upon this motion to punish for contempt were also personally served upon the appellants, and they were heard by counsel. The punishment inflicted was, under the circumstances, quite moderate. Imprisonment might well have been added. The disobedience of the writ was coupled with observations disrespectful to the court, and the entire action of the board, with the duty of obedience plainly before it, was perverse and rebellious.

It follows that the order appealed from was right, and should be affirmed, with costs. All concur.

ELLISON v. HANCE et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

FRAUD—FALSE REPRESENTATIONS—ARREST.

Where it was alleged, in an action for false representations in the sale of land, that the representations were made by one defendant through his agent, B., but the evidence showed that B. was agent of the other defendant, a case for an order of arrest is not made out against the first defendant; it not being shown that he personally made any representations, and circulars in newspapers, making false representations as to the land, alleged to have been put into the hands of the plaintiff by this defendant, not being annexed to the papers.

Appeal from special term, New York county.

Action by William Ellison against Edwin A. Hance, impleaded with Daniel L. Risley. From an order denying a motion to vacate

an order of arrest as to defendant Edwin Hance, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles Francis Carusi, for appellant.

Alexander H. Geismar, for respondent.

INGRAHAM, J. The action was brought to recover damages sustained by the plaintiff in having been induced to purchase 10 acres of land in the state of South Carolina for the sum of $240, by means of certain false and fraudulent representations made by the defendants. Upon the complaint and the affidavits of the plaintiff and his wife, orders for the arrest of the defendants were granted, and the appellant Hance was arrested. The defendant Risley was a nonresident, and was not within the jurisdiction of the court. The motion was made by the defendant Hance to set aside this order of arrest upon affidavits, and from a denial of the order entered upon that motion this appeal is taken.

The question is whether there was competent evidence of representations made by this appellant which have been shown to be false, and thus sustain the charge against him. From the affidavit made by the plaintiff it appeared that, in answer to advertisements in certain newspapers, he called at the office of the defendant Risley, in the city of New York, and there saw the defendant Hance, who was in charge of the said office, and who held himself out to be the New York manager of the said Risley; that thereupon, and after certain negotiations, a contract was closed between deponent and Hance for the purchase of a lot of 10 acres of land in South Carolina, said lot being designated as number "94," for the consideration of $250, less an allowance of $10 from said consideration on account of the railroad fare to be paid by the plaintiff in going from the city of New York to South Carolina. The affidavit then states:

"The representations made by said Hance, through his agent, Brecht, and by Daniel Risley, the above-named defendants in this action, which induced this deponent to enter into this contract, were that this lot consisted of the most excellent farming land, exceedingly fertile, properly drained, and fit for planting and farming. As a further inducement to the purchase of said lot in said colony, divers circulars and newspapers were put into the hands of this deponent by said Hance and the said Risley, in all of which said tract of land and said colony containing the lot No. 94, sold to this deponent by said defendants, was likewise described as consisting of the very finest farming land, exceedingly fertile, well drained, and suitable for planting and farming."

The plaintiff thus alleges that these representations were made by Hance through his agent Brecht. Now, there is no evidence to show that Brecht was ever the appellant's agent, or that he ever made any representations as coming from him, but it is alleged and proved in the case that both the appellant and Brecht were agents of Risley and employed by him. It is not necessary to determine whether or not Risley would be responsible, under the allegations in this complaint and upon this proof. As Risley does not appear, and as no motion is made on his behalf, that question

can be postponed. But there is no allegation in the affidavit upon which this order of arrest was granted, or in the affidavits upon the motion as it was finally submitted, that this appellant personally made any representations to the plaintiff as to the condition of this particular lot, or that there was a statement which could be considered as the representation of an existing fact which this appellant stated to the plaintiff was true. None of the circulars and newspapers mentioned in the plaintiff's affidavit as having been put into his hands by these defendants are annexed to the papers. There is a mere general statement that, in such circulars and newspapers, the said tract of land, and the said colony containing the lot No. 94, sold to the deponent, was described as consisting of the very finest farming land, exceedingly fertile, well drained, and suitable for planting and farming. To justify this order of arrest, there must be some evidence of a distinct representation, which was made by the appellant, the reliance upon which has caused the plaintiff injury. Here there is no proof of any distinct representations made by Hance (the appellant), except what was alleged to have been made through his agent, Brecht, and there is no proof that Brecht was his agent, or had any authority to act, or was acting, for him; but, on the contrary, the proof is conclusive that Brecht was a fellow employé of this appellant, and this appellant was in no way bound by his representations or statements.

By the answering affidavit, the defendant has made out a very strong case, which largely tends to disprove the allegations of the plaintiff that the representations which were alleged to have been made were false. It is true that, in the circulars and letters written in the name of the defendant Risley, there are somewhat extravagant descriptions of the locality in which this property is situated; but the affidavits produced by the defendants tend to substantiate the representation of facts contained in these circulars and letters, and prove that the representations alleged to have been made by the defendants as to the condition of this land were true. The testimony to show that they were false depends entirely upon the affidavits of the plaintiff and his wife, and it is not shown that they have any knowledge of farming land, the plaintiff's occupation having been that of a street-car conductor. They were upon the premises but two days in the beginning of April, when heavy rains are not uncommon, and the fact that at that particular time the land appeared swampy, and covered with water, could not be held, in the face of the affidavit submitted by the defendant, to be satisfactory evidence that the land was not as represented. Upon the whole case, I am satisfied that the motion to vacate this order of arrest should have been granted.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order of arrest granted, with $10 costs. All concur.