CHARLES H. DAVIDS, Plaintiff, *v.* THE BROOKLYN HEIGHTS RAILROAD Co., Defendant.

(County Court, Kings County, November, 1904.)

Arrest in action for personal injury — The defendant is liable to arrest only where he has personally been in fault, not where the acts of another are imputed to him.

> Section 549 of the Code of Civil Procedure, authorizing the arrest of a defendant in an action to recover damages for a " personal injury," contemplates an act in which the defendant himself is at fault, and which he personally did or omitted to do.
>
> It does not authorize the arrest of a defendant in an action for negligence or assault, where the act causing the injury is that of his servant and not his own, but still, although unauthorized, by the defendant, is imputed or construed to be his act.
>
> This construction of the statute operates to protect from arrest, under a judgment for costs obtained against him, the plaintiff in an action brought to recover damages for an alleged assault committed upon him by a conductor in the employ of the defendant, a railroad, corporation.

MOTION to vacate an order of arrest.

Donald B. Smith, for motion.

George D. Yeomans, opposed.

CRANE, J. This action was brought to recover damages from the defendant for an alleged assault committed upon the plaintiff by the defendant's conductor. Upon the trial a verdict was rendered in favor of the defendant and thereafter judgment for costs entered against the plaintiff, and upon this judgment, execution against his property being returned unsatisfied, an execution was issued against his person under which he was arrested and is now upon the jail limits.

This motion is made to vacate the order of arrest.

There is no question but that prior to 1831, by the Revised Statutes, execution might issue against the body of a

# DAVIDS v. BROOKLYN HEIGHTS R. R. CO. 209

judgment debtor irrespective of the nature of the claim upon which the judgment was recovered.

By chapter 300 of the Laws of 1831, known as the " Stillwell act," there was excepted from this general provision for body execution judgments founded upon contract and debts arising therefrom, but it did not except claims based upon wrongs affecting contracts, person or property.

By the Code of Procedure the right to arrest was embodied in section 179 thereof and read as follows: " The defendant may be arrested as hereinafter prescribed for the following causes; 1. in an action for recovery of damages, on a cause of action not arising out of contract, where the defendant is not a resident of the State, or is about to remove therefrom; or where the action is for an injury to person or character, or for injuring or for wrongfully taking, detaining or converting property."

In the Laws of 1876, chap. 448, section 549 of the present Code of Civil Procedure was enacted and read as follows: "A defendant may be arrested in an action as prescribed in this title, where it appears from the complaint that the action is brought for any of the following causes, \* \* \*, to recover damages for·a personal injury."

By chapter 449 of the same laws, " personal injury " was stated to include libel, slander, criminal conversation, seduction and malicious prosecution; also an assault, battery, false imprisonment or other actionable injury to the person, either of· the plaintiff or of another. Code Civ. Pro., § 3343, subd. 9.

It will be noticed that prior to 1876, the defendant could be arrested in an action for injury to the person or character, whereas by the present Code, reading into section 549 the definition of personal injury, the defendant can now be arrested in an action brought for libel, slander, criminal conversation, seduction, malicious prosecution, also an assault, battery, false imprisonment or other actionable injury to the person, either of the plaintiff or of another.

The question now arises can the defendant be arrested in an action for negligence or assault where the act causing the injury is not his own act but that of his servant, unauthor-

14

ized by him, but which by law is imputed or construed to be his act? There can be but little doubt that a plain and ordinary reading of the words in the sections above quoted, especially in view of what the law had been, would include a right to arrest in actions for such imputed or constructive negligence or assault, but yet the consequences of such a reading of the words would seem to indicate that the right to arrest in these cases was not intended by the Legislature.

The man who employs a servant to drive or to do any act in his business may be liable civilly to respond in money damages for the negligent act of that servant, although the act was never authorized and the master could not have prevented it; but the hardships imposed upon him by arrest and imprisonment under a body execution issued upon a judgment recovered for such acts are as great, if not greater, than formerly suffered and endured by those imprisoned for mere debt, and against which hardships there arose, prior to 1831, such universal opposition.

A man who is imprisoned for debt incurred, in the majority of cases, has had the benefit of the thing or matter for which the liability arose; but the man arrested for the negligent act of his servant has had no benefit from the negligence, except in very peculiar cases, and has had no option about incurring the liability unless he should cease from the employment of agents or servants.

Now it will be said that this is a matter for the Legislature to deal with and not the courts, and that as the Legislature may enact imprisonment for any kind of debt, it has only excepted contract debts from the general rule. But the fact that rarely, if ever, has the defendant been arrested under a body execution in a case where a judgment was recovered for the negligence or acts of his servants, so far as I have been able to ascertain either from the reports or elsewhere, would lead me to the conclusion that an entirely different construction had been placed upon these statutes by the courts and the members of the bar.

In other words that the personal injury for which an order of arrest may be issued in a civil case has been and should be construed to mean an injury flowing from the defendant's

own act and not an injury caused by the act of another which the law imputes to him.

The reading of subdivision 9, section 3343 of the Code of Civil Procedure, would indicate, as suggested by Judge Johnson in the case of Lasche v. Dearing, 23 Misc. Rep. 722, that some division was intended among personal injury actions.

When section 549 gave the right to arrest in personal injury cases, there was hardly any need for specifying assault, battery and false imprisonment as a personal injury, for these have always been such. It would seem absurd to define personal injury as assault, battery, false imprisonment or any other personal injury for which an action would lie. Of course, if it was not an actionable injury, no suit could be brought and there could be no judgment recovered, much less an order of arrest issued. It would seem, therefore, in order to give any meaning at all to this definition of " personal injury," that the words " other actionable injury to the person," used in this subdivision 9, meant other actions like to assault, battery or false imprisonment, or, in other words, an action in which the defendant himself was at fault, in which his personality took some part in the act, an action founded upon something which he personally did or omitted to do, or which he authorized, to be done or to be omitted. In this way sense is given to the definition of " personal injury " found in this subdivision.

Thus I believe that the law is and has been understood to be that a defendant can be arrested for his own personal neglect or omission amounting to neglect, or for his own act causing injury, either by assault, battery, malicious prosecution or negligence, but that when the action is based upon constructive or imputed negligence or assault he is not liable to arrest.

Apparently the judge in writing the opinion in the case of Lasche against Dearing construed the law to permit arrests only for cases which were *willful,* placing men on the same footing with women in respect to this matter, but this was too narrow a view to take in my opinion, as there is a middle ground between the willful act and the act which by

policy of law is imputed to another, and this middle ground is the *personal* act which may be either willful, negligent **or** unintentional, but amounting to personal wrong, negligence, assault or the like.

Of course it can be claimed that this construction of subdivision 9 of section 3343, in so far as it pertains or relates to arrests, is fanciful and a straining of the real meaning of the words, but it is in line with the interpretation given to that part of the section which authorizes an arrest for fraud in contracting debt.

Now it is a well-known rule of law that a principal may be liable for the fraud of his agent or of his partner, although the fraud was unauthorized and the agent acted without the knowledge and consent of his principal, or the partner without the knowledge or consent of his copartner, but yet in those cases it has been held that the fraud, to authorize an arrest, must be the personal fraud of the defendant and not constructive. There is, however, no such wording or limitation in the Code provisions. See Hathaway v. Johnson, 55 N. Y. 93; Ellson v. Hance, 44 App. Div. 296; Hanover Company v. Sheldon, 9 Abb. Pr. 240; Smith v. Frank, 2 Robt. 626; Claflin v. Frank, 8 Abb. Pr. 412.

It would seem just that such a limitation should also be placed upon the right to arrest for personal injury and only permitted when the defendant himself has been at fault in that the injury was caused by his act or omission or by an act or omission directly authorized by him. If, for the last forty years, a defendant could be arrested in a negligence case or assault case for the act of his servant or agent, it is surprising that litigants have not resorted to the remedy, and if it were so understood, it seems reasonable to expect that numerous instances of arrest on body executions would have taken place and reported cases instance the fact, but I find few cases in which the defendant or plaintiff has been arrested in an action based upon an unauthorized act of a third party either of negligence or assault.

It may be of course that the right was so well understood that the exercise of it has never attracted attention or come before the courts, but the fact that within my experience and

in the wide experience of Judge Johnson, as expressed in Lasche against Dearing, the arrests of defendants in such cases have seldom been known to take place would suggest or indicate that the right was never supposed to exist and that the instances in which it could be exercised or had been exercised were confined to those in which the defendant was personally charged with the act or omission.

In nearly all the cases where it is stated that the defendant may be arrested for negligence, the negligent act or omission is alleged to be that of the defendant personally.

In People ex rel. Harris v. Gill, 85 App. Div. 192, it would appear by the opinion of Judge' Houghton that the negligence was that of the defendant himself and neither imputed nor constructive.

In the case of Saffier v. Haff, 86 App. Div. 284, it was alleged in the complaint that the defendant obtained goods under false pretences.

The case of Miller v. Woodhead, 52 Hun, 127, was the case of a falling ceiling due, it was alleged, to the negligent omission of the defendant.

The case of Ritterman v. Ropes, 7 Civ. Pro. 392, holds that the personal injury need not be *willful;* this, however, does not say it must be *personal.*       .

Gallagher v. Dolan, 27 Misc. Rep. 122, disagrees with the decision in Lasche v. Dearing, 23 id. 722, because the latter case held the act should be *willful.*

Niver v. Niver, 43 Barb. 411, was a personal injury to property, the opinion stating that the act was alleged to be willful and wrongful.       .

Burkle v. Ells, 4 How. Pr. 288, was decided under the " Stillwell act."       .

Haines v. Joralemon, 2 Civ. Pro. 196, decided by Judge Lawrence at Special Term, Supreme Court, arose out of the defendant's negligence in maintaining a hatchway.

Keeler v. Clark, 18 Abb. Pr. 154, arose out of the defendant's own negligence in rolling a log on the leg of an ox.

There is no case which, while not a personal injury case, would seem to involve the question here in point.   Catlin v. Adirondack Railroad Company, 20 Hun, 19, decided in 1880,

was an action brought against a railroad company for loss of baggage, and Judge Barrett held it to be a case in which an order of arrest could issue. The construction of subdivision 9 of section 3343, however, was not touched upon and in fact the authority cited by Judge Barrett was his own decision in Duncan v. Katen, 6 Hun, 1, involving the arrest of a woman for her willful act, decided in 1875, before the enactment of section 3343 of the Code of Civil Procedure.

If I felt that this question had been directly passed upon by the courts of this State or by the courts of this department, it would be my plain duty to follow those decisions and refrain from expressing my own personal opinion as to the law, but as I do not find this question has been directly decided, the nearest approach to it being the decision in Lasche v. Dearing, I believe the most just interpretation to be put upon the sections of our Code which authorize arrest of a defendant is that which I here maintain, namely, that the act for which a defendant can be arrested must be his personal act or personal omission, and this construction somewhat mitigates that other unjust rule that the plaintiff may be arrested in an action for costs although it would have been absolutely impossible for him to have arrested a defendant corporation under a body execution.

On the other hand it can be said that as section 555 of the Code of Civil Procedure provides that a person *prosecuted* in a representative capacity as executor, administrator, etc., cannot be arrested except for his *personal act* it is thereby implied that other defendants can be arrested for acts *not personal,* but section 555 is in substance a restatement of the law as found in 2 Revised Statutes (1st ed.) 363, part 3, tit. 5, § 1 (1829), and has continued the law without modification. This, however, does not exclude the supposition that as to the right to arrest defendants not prosecuted in a representative capacity a change has been effected by the Laws of 1876, chap. 449, above referred to.

Does section 555 permit the arrest of a plaintiff-administrator prosecuting in a representative capacity?

Likewise section 1910 of the Code in reference to assignable claims excepts those to recover damages for personal

injury. Now it may be argued that " personal injury " here must include constructive negligence, assault, etc., and so must the same words when applied to arrest, but it must not be forgotten that section 1910 is capable of liberal construction, while section 549 and subdivision 9 of section 3343, being penal, must be and should be construed strictly. Hathaway v. Johnson, 55 N. Y. 93.

Under this construction of the Code, body execution could not have issued in this case against the defendant for an assault committed by its servant, and, therefore, the plaintiff could not have been arrested when, failing in the action, judgment went against him for costs. Motion to vacate granted.

Motion granted.