## OSSMANN v. CROWLEY.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. ARREST—EXECUTION AGAINST PERSON—ACTION' FOR SERVANT'S NEGLIGENCE.
     Code Civ. Proc. § 549, declares that a defendant may be arrested in an action for damages for a personal injury.    Section 3343, subd. 9, provides that a personal injury includes libel or other actionable injury to the person either of the plaintiff or of another.    *Held*, that an injury inflicted through the negligence of defendant's servant is a personal injury within section 3343.

Appeal from Special Term, New York County.

Action by Frederick Ossmann, by Emil Ossmann, his guardian ad litem, against John Crowley.    From an order denying defendant's motion to set aside an execution against the person, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Herbert Goldmark, for appellant.
John W. Browne, for respondent.

INGRAHAM, J.    The plaintiff, an infant eight years of age, brought this action to recover for the injuries sustained by being run over by a hansom cab, the property of the defendant.    He alleged in the complaint that "said defendant and servant were negligent, reckless, and careless and unskillful in the management and operation of said hansom vehicle, and the management and control of said horse or horses, and in the manner of driving the same; and in consequence thereof, and without fault on the part of the plaintiff, he was knocked violently to the ground by said horse and vehicle and run over"; that, "solely by reason of the defendant's negligence as aforesaid, plaintiff was run over," and that by reason thereof the plaintiff sustained damage.    An answer was interposed, which was substantially a denial of the allegations of the complaint.    The action was tried for the plaintiff for the sum of $3,000, upon which judgment was entered.    Execution against the property of the defendant having been returned unsatisfied,

an execution against the person was issued, whereupon he moved to set aside this execution on the ground that the same "is irregular and void, for the reason that no order of arrest was or could have been issued in this action against the defendant." This motion was denied, and the defendant appeals.

The right to issue an execution depends upon the Code of Civil Procedure. Section 1487 provides that an execution against the person of the judgment debtor may be issued thereupon (subdivision 1) where the plaintiff's right to arrest the defendant depends upon the nature of the action, and (subdivision 2) in any other case where an order of arrest has been granted and executed in the action. Section 549 of the Code of Civil Procedure provides that the defendant may be arrested in an action brought to recover damages for a personal injury. Section 3343 provides that:

"In construing this act (subdivision 9) a personal injury includes libel, slander, criminal conversation, seduction, and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff or of another."

Thus, in an action to recover damages for actionable injury to the person of the plaintiff, the defendant may be arrested, and a judgment in such an action may be enforced by execution against the person, as the plaintiff's right to arrest the defendant depends upon the nature of the action. This construction was given to these provisions of the Code by the General Term of the Superior Court in Ritterman v. Ropes, 52 N. Y. Super. Ct. 237.

The defendant claims that the right to arrest in an action to recover for personal injuries depends, not upon the nature of the action, but upon proof that the defendant was personally negligent, as distinguished from a liability created by the negligence of his servant, a distinction which I cannot find in the provisions of the Code. There are two cases which sustain the defendant's contention. The first is the case of Lasche v. Dearing, 23 Misc. Rep. 722, 53 N. Y. Supp. 58, a decision of the Special Term of the Supreme Court. The second is Davids v. Brooklyn Heights R. R. Co., a decision of the county court of Kings county, 93 N. Y. Supp. 285. In Lasche v. Dearing the court construes the words "other actionable injury to the person," in subdivision 9 of section 3343 of the Code of Civil Procedure, as applying only to cases of the same character as those before specifically mentioned in the subdivision of the section, thus restricting the definition of the words "personal injury" to a case where the cause of action is based upon "affirmative and active wrong, with more or less of turpitude, according to the character of the wrong." But this limitation is not specified in the section which defines words that are used in the Code, and, if this construction could be sustained, there would be no action for personal injuries regulated by the Code, unless the defendant personally participated in the act which caused the injury. Section 549 of the Code gives the plaintiff in an action for a "personal injury" a right to arrest the defendant. Subdivision 9 of section 3343 of the Code defines the words "personal injury" as used in the Code. This is not of a penal nature, but is a general provision applicable to the whole Code, simply defining the words "personal injury" when there used, and in-

cludes any action brought to recover for injury to the person of an individual. The case of Davids v. Brooklyn Heights R. R. Co. is based upon an alleged distinction, which the defendant here seeks to sustain, between an action for personal injury based upon the personal act of the defendant and that based upon the act of his servant, a distinction which is not justified by any provision of the Code. It is the nature of the cause of action which has resulted in the judgment sought to be enforced that controls. That cause of action is for a "personal injury," whether the injury to the person is caused by the personal act of the defendant, or by the act of his servant for which he is responsible.

I think, therefore, that the execution was properly issued, and that the order appealed from should be affirmed, with $10 costs and disbursements. All concur; PATTERSON, J., in result.