ROBERT DRACUP, Plaintiff, v. JOHN LUTGEN and Another, Defendants.

Supreme Court, Chautauqua County, August 11, 1925.

Judgments — execution — motion by plaintiff for order directing issuance of body execution against defendants — application predicated on judgment obtained in action for negligence against owner of automobile and driver thereof prior to enactment of Highway Law, § 282-e — plaintiff entitled to body execution against both defendants, though one was not charged with personal guilt of negligence — merits of bankruptcy claim may be adjudicated on subsequent motion.

Plaintiff, who recovered a judgment against both the owner and the driver of a motor vehicle in an action for negligence, brought prior to the enactment of section 282-e of the Highway Law, is entitled to an order directing the issuance of a body execution against both defendants, though one was not at the site of the accident and was not charged with having personal guilt of negligence. If defendants claim a discharge in bankruptcy, the issue may be adjudged upon a subsequent motion, since the question was not before the court upon this motion.

MOTION by plaintiff for an order directing the issuance of a body execution against the defendants.

*Lee L. Ottaway,* for the plaintiff.

*Warner S. Rexford,* for the defendant.

CROSBY, J.:

Plaintiff recovered a judgment against both defendants in an action upon the trial of which it was undisputed that an automobile owned by defendant Charles Lutgen was being driven at the time of plaintiff's injury by defendant John Lutgen, the owner, Charles, not being present.

This action was brought before the statutory enactment which makes owners of automobiles liable for damage done by their cars while being driven by others, and not on the owner's business. (Highway Law, § 282-e, as added by Laws of 1924, chap. 534.) But upon the trial defendant Charles Lutgen made no defense for himself except the defense urged by his brother John who drove the car; that is, he denied negligence in the operation of the car; urged that the plaintiff was guilty of contributory negligence, and contested the damage. The jury found in favor of the plaintiff on all these questions put in issue, and a judgment resulted against both defendants upon the theory, doubtless, that until the contrary is made to appear, there is at least a mild presumption that a car is being used on its owner's business. The question here

presented is whether or not a body execution may issue against the defendants, and especially against Charles Lutgen who was not personally present at the accident and had no personal connection with it.

The case of *Ossmann* v. *Crowley* (101 App. Div. 597) seems to be squarely in point, and squarely to hold in favor of plaintiff's contention herein that he may have body execution against Charles Lutgen as well as John. The judgment in that case was never reversed and my attention has been called to no case in which the holding in *Ossmann* v. *Crowley* has ever been criticised.

Before making an order that body execution issue, however, another matter must be considered. Neither on the argument of the motion nor in the briefs of counsel has anything been said on the subject of defendants having been discharged in bankruptcy. No claim has been made that they have been so discharged and no papers filed to show that they have been discharged of their debts in bankruptcy. But, in a rough memorandum used by plaintiff's counsel on the argument of the motion, and for some reason filed with me in addition to plaintiff's formal brief, I find the point made that a discharge in bankruptcy will not relieve these defendants (or either of them) from the pain of a body execution. I should be inclined to doubt this proposition, so far as it applies to Charles Lutgen especially, and possibly as to John. But as no point was made of this matter on the argument, nor in the briefs, it may be that this question is not before me. But, at this time, it is the intention to decide merely that plaintiff's right to a body execution against both defendants is given him by the form of the action, and is not defeated by the fact that as to Charles no personal guilt of negligence was charged against him. If a discharge of this judgment in bankruptcy is claimed by either or both of the defendants and the plaintiff wants the merits of that claim adjudicated, another motion should be made in which the court may have the benefit of arguments and briefs addressed to that matter. No costs.