## HENRY SAWYER AND ROSWELL S. DOUGLASS
### v.
## KNUTE NELSON.

Capias ad Satisfaciendum—*Character of Suit—How Determined.*

Upon a writ of *capias ad satisfaciendum,* in order to determine the character of the suit, the allegations of the declaration will be examined and are to be regarded rather than the name given to the suit.

[Opinion filed March 19, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. CRATTY BROS., for appellants.

Mr. H. H. ANDERSON, for appellee.

WATERMAN, P. J.   Appellants having brought an action of case against appellee, filed a declaration, two counts of which charged in substance that he, for the purpose of deceiving and defrauding them, made to them certain false and fraudulent statements concerning his assets and liabilities, which statements are set forth; that thereby appellants were deceived and defrauded in that relying upon such statements, they sold and delivered to appellee goods to a large amount, which goods he received and appropriated to his own use and has paid nothing whatever on account thereof.   The third count charged that the plaintiffs being possessed as of their own property of certain goods of the value of $2,000, lost the same; that the defendant found them, and although he knew them to be the property of the plaintiffs, yet he converted them to his own use, and although requested to deliver the same to the plaintiffs, refused to do so.

Upon this declaration, judgment was obtained by appel-

lants for $1,361.05. Thereafter a writ of *capius ad satisfaciendum* was issued, and appellee being taken into custody upon his motion, the writ was quashed and he discharged. From the order quashing the writ, appellants prosecute this appeal.

In proceedings of this kind in order to determine the character of the suit in which the judgment was rendered, the allegations of the declaration must be looked at and are to be regarded rather than the name given to the action. Hilliard on Torts, 35; McDuffy v. Beddoe, 7 Hill, 578; Weal v. King, 12 Earl, 452; The People ex rel. Healey, 128 Ill. 9.

Tested by this rule, it is manifest that the action of appellants against appellee was not only one of, but was founded upon a tort. Such being the case, it was proper to issue a writ of *capias ad satisfaciendum*, and if such writ was properly issued it ought not to have been quashed upon the motion of the defendant. Where, however, an arrest is made upon a *ca. sa.* the person in custody may apply under the Insolvent Debtors' Act for leave to schedule and be discharged. When such application is made, the question may arise as to whether malice was the gist of the action. R. S., Chap. 72, Sec. 2. This question, if raised, is to be determined by the County Court, which is vested with exclusive original jurisdiction of applications for discharge from imprisonment under the Insolvent Debtors' Act. Properly speaking, there is not and for more than forty years there has not been in this State such a thing as lawful imprisonment for debt. Persons may be imprisoned for a wrong by them maliciously done, a tort wilfully and with malice committed, where on account of such tort, damages have been recovered by the party injured. The limited imprisonment permitted in actions *ex contractu* where a tort is not the basis of the action, is not for or on account of the debt, but because of the fraud committed in fraudulently withholding and concealing property so that the same can not be applied to the discharge of the indebtedness. Consequently, in all cases where malice is not the gist of the action a debtor may obtain his release by surrendering such property as is by law not exempt from execution.

In the present case, appellee, while not entitled to have the *capias* under which he was arrested, quashed, was entitled to apply to the County Court for his discharge.   It is said in Kitson v. Farwell, 132 Ill. 327, that upon such application the judgment under which the party is arrested is conclusive only as to what is necessarily and directly decided therein.   See also Kitson v. Ellenger, 35 Ill. App. 55.

The order of the Superior Court quashing the writ of *capias ad satisfaciendum*, is reversed, but as the writ has by lapse of time expired, no remanding order is made.   If appellants desire another writ they can apply in the court in which their judgment was issued for it.

*Order quashing writ, reversed.*