WILLIAM REDNER, Appellant, *v.* BENJAMIN F. JEWETT, Respondent.

*Supersedeas and discharge from imprisonment — Code of Civil Procedure, § 572, is applicable only to an order of arrest, not to an execution against the person.*

Section 572 of the Code of Civil Procedure is intended only to provide for superseding or setting aside an order of arrest and discharging or relieving a party from imprisonment by virtue of such an order, in the cases prescribed thereby, and its provisions are not applicable to a motion to vacate or set aside an execution against the person, except where the defendant has been already discharged from imprisonment under an order of arrest.

APPEAL by the plaintiff, William Redner, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Wyoming county on the 18th day of March, 1893, relieving the defendant, Benjamin F. Jewett, from imprisonment "by virtue of an execution against his person issued herein, * * * or by virtue of any other mandate which has been or may be issued in the action upon the judgment heretofore rendered therein."

*George W. Daggett*, for the appellant.

*Bowen & Washburn*, for the respondent.

DWIGHT, P. J. :

The sole question presented by this appeal is that of the proper meaning and application of section 572 of the Code of Civil Procedure. The language of the section, so far as it is material to this inquiry, is as follows :

" Except in a case where an order of arrest can be granted only by the court, if the plaintiff unreasonably delays the trial of the action, or neglects to enter judgment therein within ten days after it is in his power to do so, or neglects to issue execution against the person of the defendant within ten days after the return of the execution against the property, and in any event neglects to issue the same within three months after the entry of the judgment,   \*  \*  \* the defendant must, upon his application, made upon notice to the plaintiff, be discharged from custody if he has already been taken under the mandate against him in such action ; or, if he has not yet been imprisoned therein, be relieved from imprisonment by virtue of such mandate, by the court in which the action was commenced, unless reasonable cause is shown why the application should not be granted. A defendant discharged as prescribed in this section shall not be arrested upon an execution issued upon the judgment in the action."

It is difficult to see how it could ever have been considered that this section of the Code was intended to provide for setting aside, vacating or superseding an execution against the person, or that the term " mandate," as there employed, intends or includes that process.

The section is found to be a part of article 2 of title 1 of chapter 7 of the Code of Civil Procedure. The chapter is entitled " General provisional remedies in an action." Title 1 is entitled " Arrest, pending the action and proceedings thereupon." Article 2 is entitled " Granting, executing and vacating or modifying the order of arrest," and section 572 itself is entitled " Supersedeas, unless the defendant is charged in execution." It will be seen that all these titles absolutely exclude execution against the person from the subjects to which they relate. That process is not a " provisional remedy," and is, therefore, not included by the title to the chapter; the entitling of the title and the article in terms includes only orders of arrest, and the title of the section is equally signifi-

cant. It is "Supersedeas unless charged in execution," etc. But supersedeas of what? Plainly not of execution, because the title indicates that the supersedeas is to·be granted only if the party has *not* been charged in execution. Manifestly it is supersedeas of the order of arrest which is indicated by the title of the section. And the text of the section is equally unmistakable to the same effect. By its terms the defendant, in case of neglect to enter judgment or to issue execution against the person within the time limited, is to be discharged from custody if he has already been taken under the mandate in such action; or, if he has not yet been imprisoned therein, be relieved from imprisonment by virtue of such mandate. Here, most clearly, the mandate mentioned is not the final process of execution against the person, but the mesne process of an order of arrest, under which the defendant may have been imprisoned before judgment. And the last clause of the section is conclusive to the same effect. It provides that in case of the discharge from such imprisonment the defendant *shall not be* arrested upon an execution issued upon the judgment in the action.

This exposition of the present statute is supported by reference to the provisions of the Revised Statutes, of which it is in large part a re-enactment. (2 R. S. 556, §§ 36, 37.) Those sections read as follows: § 36. "When any defendant, at the time judgment shall be rendered against him, in any court of record, shall be in the custody of a sheriff or other officer, either upon process in the suit in which such judgment shall have been rendered, or upon being surrendered in discharge of his bail in such suit, the plaintiff in such judgment shall charge such defendant in execution thereon, within three months after the last day of the term next following that at which such judgment shall have been obtained. * * *" § 37. "If any plaintiff shall neglect so to charge any defendant in execution, as required in the last section, such defendant may be discharged from custody by a supersedeas, to be allowed by any judge·of the court in which such judgment shall have been obtained, unless good cause to the contrary be shown; and after being so discharged such defendant shall not be liable to be arrested upon any execution which shall be issued upon such judgment."

It seems to be entirely clear that the supersedeas mentioned in the title of section 572 of the Code and in the text of section 37 of

the Revised Statutes is the same, and is a supersedeas, not of an execution against the person, but of an order of arrest. (See *Lippman* v. *Petersburger*, 18 How. Pr. 270; *Smith* v. *Knapp*, 30 N. Y. 590.)

We should not have deemed it necessary to enter upon so full a discussion of the question here presented, but for the fact that there have been some decisions, mainly at Special Term, which have treated the section of the Code under consideration as if it prescribed conditions and a mode of vacating or setting aside an execution against the person. But we regard any conflict of authority on the question as set at rest by the decision of the Court of Appeals in the case of *Sweet* v. *Norris* (110 N. Y. 668), which is the only case, so far as we are aware, in which that court has passed upon the question here presented. That decision affirmed the order of the General Term of this court in the fourth department (45 Hun, 595), which in turn affirmed the order of the Chemung Special Term, which denied the motion of the defendant therein to set aside a body execution for the reason that it was not issued within the time limited by section 572 of the Code. The motion was denied on the distinct ground that the section in question had no application to any case in which an order of arrest had not been issued pending the action. The opinion at Special Term (per FOLLETT, J.) is reported in 12 Civ. Proc. Rep. at page 175. It is the only opinion delivered in either of the courts which passed upon the case, and may be regarded as approved, in respect to the grounds of the decision, by each of the appellate courts by which the order was affirmed.

There can be no doubt, we suppose, but that section 572 of the Code of Civil Procedure provides only for superseding or setting aside an order of arrest, and discharging or relieving from imprisonment by virtue of such an order, in the cases prescribed, and that its provisions are not applicable to any motion to vacate or set aside an execution against the person, except in the possible case suggested by the last clause of the section, viz., where the defendant had already been discharged from imprisonment under an order of arrest.

The order appealed from should be reversed, with ten dollars

costs and disbursements, and the motion denied with ten dollars costs.

LEWIS and HAIGHT, JJ., concurred.

So ordered.