.(29 Misc. Rep. 515.)

QUIGLEY v. BAUMANN.

(Supreme Court, Special Term, New York County. November, 1899.)

1. EXECUTION AGAINST THE PERSON—DISCHARGE.
Code Civ. Proc. § 572, declares. that where a judgment creditor has caused the debtor to be arrested, and shall delay the enforcement of his remedies, the debtor may be discharged. *Held* that, since such section only authorized the vacation of an order of arrest, it was inapplicable to a motion to vacate an execution against the person, though such execution was not issued for more than five years after the recovery of the judgment under which it was issued.

2. SAME—PRIOR EXECUTION—ISSUANCE.
Code Civ. Proc. § 1377, authorizing the issuance of an execution on a judgment after the expiration of five years from its entry if an execution had been previously·issued thereon within five years, and returned wholly or partly unsatisfied, does not require the issuance of an execution against the person of the judgment debtor within five years after the rendition of the judgment, as a condition precedent to the creditor's right to issue such

execution after the limitation, where a previous execution against the debtor's property had been issued and returned unsatisfied.

Action by Margaret Quigley against Hugo Baumann. Motion to vacate an execution against defendant's person. Denied.

M. Charles Foley, for plaintiff.

A. M. Frumberg, for defendant.

SCOTT, J. On April 18, 1894, plaintiff obtained a judgment against defendant upon a cause of action which involved the right to issue an execution against the person. An execution against the defendant's property was duly issued to the county in which the defendant resided, and was returned unsatisfied. ˙ The defendant has from time to time made some few payments, and many promises of payment, upon the judgment, upon ˙ which, however, there still remains due a considerable sum. On November 3, 1899, an execution against his person was issued, and he was arrested, and gave bail for the limits. He now moves to vacate the body execution. It is regular upon its face, and complies in its recitals and directions with the statutory requirements. Although more than five years have elapsed since the recovery of the judgment, the defendant is not entitled to be discharged under the provisions of section 572 of the Code of Civil Procedure, because that section provides only for superseding or setting aside an order of arrest, and its provisions are not applicable to a motion to vacate or set aside an execution against the person in a case like the present. Redner v. Jewett, 72 Hun, 598, 25 N. Y. Supp. 273. Nor can the execution be set aside merely because it has been issued more than five years after the entry of final judgment. Section 1377, Code Civ. Proc., provides that an execution can be issued upon a final judgment after the lapse of five years from its entry if an execution was issued thereupon within five years after the entry of the judgment, and has been returned wholly or partly unsatisfied or unexecuted. The present is such a case. An execution was issued upon the judgment within five years after its rendition, and was returned unsatisfied. The plaintiff therefore was entitled, without asking leave of˙ the court, to issue another execution. It does not matter that one execution was against the property, and the other against the person. The section of the Code authorizing the issuance of a second execution makes no distinction between the two classes of executions, and does not require, as a condition for the issuance of one kind of an execution after the lapse of five years, that a previous execution of the same kind should have been issued and returned within the five years; nor is there anything to be found in other sections of the same chapter of the Code to indicate that such a construction should be given to the section. Motion denied, with $10 costs.

Motion denied, with $10 costs.