(85 App. Div. 192.)

PEOPLE ex rel. HARRIS v. GILL, Sheriff.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. HABEAS CORPUS—DISCHARGE OF PRISONER—POWER OF COURT.

Code, § 2032, provides that on habeas corpus the court must forthwith make a final order remanding the prisoner, if he is detained by virtue of a final judgment or an execution issued thereon. Section 2033, by subdivisions 4 and 6, provides that a prisoner in custody can be discharged when the mandate under which he is held, though proper in form, was issued in a case not authorized by law, or where it is not authorized by the judgment on which it is based. *Held* that, though it appears on the return of a writ that the prisoner is detained in custody by virtue of an execution against him, the court has power to discharge him if his detention is unlawful or unauthorized.

2. ARREST—MANDATE IN CIVIL ACTION—RELEASE.

Code Civ. Proc. § 572, providing that on neglect to enter judgment or to issue execution against the person within three months from the rendition of judgment, and within ten days after the return of an execution against the property, defendant is to be discharged from custody, if he has already been taken under the mandate in the action, or, if he has not been imprisoned therein, he is to be relieved from imprisonment by virtue of such mandate, and that a defendant thus discharged shall not be arrested on an execution issued on the judgment, applies only to cases in which an order of arrest was issued pending the action, and has no bearing on executions against the person in cases in which there was no such order.

3. EXECUTION AGAINST THE PERSON—ACTION FOR WRONGFUL DEATH.

Under Code Civ. Proc. § 1487, an execution against the person of a judgment defendant may be issued on a money judgment obtained in an action of a nature permitting the arrest of defendant. Under section 549 a defendant may be arrested in an action to recover damages for a personal injury or an injury to property. Code, § 3343, defines a personal injury to include an actionable injury to the person either of plaintiff or of another, and an injury to property as an actionable act whereby the estate of another is lessened, other than a personal injury or the

breach of a contract. *Held*, that an action by an administratrix to recover for the wrongful death of her intestate is an action to recover for injuries to the property rights of the beneficiaries, and hence an execution against the person of defendant therein can be issued on the judgment obtained.

Smith, J., dissenting.

Appeal from Special Term, Warren County.

Application by Walter G. Harris for a writ of habeas corpus against Dudley Gill, sheriff, who had imprisoned relator by virtue of an execution against his person in an action brought against him by Minerva Scoville, administratrix of George R. Scoville, deceased. The writ was granted, and Minerva Scoville, administratrix, appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Erskine C. Rogers, for appellant.

T. D. Trumbull, Jr., for respondent.

HOUGHTON, J. Through the negligence of the relator, George R. Scoville, appellant's intestate, received injuries from which he died. Appellant, as administratrix of his estate, brought action against the relator to recover damages, and recovered a judgment for a considerable amount. Execution against the property was issued thereon, and returned wholly unsatisfied. Seventeen days thereafter an execution against the ·person of the relator was issued, and he was taken into custody by the defendant sheriff, and imprisoned in the Warren county jail. Thereupon the relator procured a writ of habeas corpus from the county judge of Warren county, who ordered that the relator respondent be released from custody upon the grounds that the nature of the action did not permit an execution against the person, and that the execution against the person was issued more than ten days after the property execution was returned unsatisfied. From that order this appeal is taken.

It is claimed on the part of the appellant that the county judge had no power, on a writ of habeas corpus, to direct the sheriff to release the relator from custody, and that the only remedy of one in custody under an execution against the person is to move to set the execution aside. While a motion to set aside the execution might be deemed better practice, because a proceeding in the action itself, yet we think one in custody under an execution against the person, where the issuing of such an execution was wholly unauthorized by law, has a right to move for his discharge through the writ of habeas corpus. In People ex rel. McLaughlin v. Wilson, 88 Hun, 258, 34 N. Y. Supp. 734, relied upon by appellant, the presiding justice, it is true, lays down the rule that, where it appears upon the return of a writ of habeas corpus that the prisoner is detained in custody by virtue of an execution against the person, it is the duty of the judge to make an order remanding him back to custody; but the remainder of the court concurred in the reversal of the order of discharge only on the ground that the relator was improperly discharged, because an execution against his person was proper. While

section 2032 of the Code provides that the court or judge must forth-with make a final order remanding the prisoner if it appears that he is detained in custody by virtue of a final judgment or decree, or of an execution or other process issued upon such a judgment, yet section 2033, by subdivisions 4 and 6, provides that a prisoner in custody can be discharged when the mandate under which he is held, although in proper form, was issued in a case not allowed by law, or where the mandate is not authorized by the judgment or decree. While a party cannot review a judgment or decree under the guise of a writ of habeas corpus, yet, where his custody is un-authorized or unlawful, it seems quite clear that he has a right to that remedy to procure his discharge.

The order cannot be sustained on the ground that the execution upon which the relator was imprisoned was issued more than ten days after the return of the property execution. Section 572 of the Code of Civil Procedure relates to cases in which an order of ar-rest had been issued; and it is only where such order of arrest has been granted, and the judgment debtor is still in custody under that process, or has given an undertaking to respond to any execution against his person, that execution must be issued within three months from the rendition of judgment, and within ten days after the return of an execution against the property. Sweet v. Norris, 110 N. Y. 668, 18 N. E. 481, affirming 45 Hun, 595; Redner v. Jewett, 72 Hun, 598, 25 N. Y. Supp. 273.

The important question to be determined is whether an execution against the person can be issued on a judgment obtained for negli-gent acts producing injuries which caused death. Included in the various kinds of actions in which, according to the provisions of sec-tions 1487 and 549 of the Code of Civil Procedure, an execution against the person may be issued, are actions to recover damages for a personal injury and an injury to property. By section 3343 of the Code, a personal injury is defined to include an actionable injury to the person either of the plaintiff or of another; and an injury to property is defined as an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract.

In order to justify the issuing of an execution against the person on a judgment obtained by the next of kin against one whose negli-gence caused the death, the action must be deemed either for per-sonal injuries or for injury to property. If the person injured sur-vived and obtained a judgment, there is no question but what he would be entitled to an execution against the person of the defendant, in default of being able to collect the judgment out of his property. So, too, if one's horse or carriage was injured by the negligence of another, he would be entitled to such execution on the judgment he might obtain. While many expressions may be found in the · books as to the character of the action which by the statute is given to the next of kin where death is caused by negligence, and divers decisions may be found as to whether an execution against the per-son on such a judgment is permissible, we think controversy has been set at rest by the decision of the Court of Appeals in the Mat-ter of Meekin v. B. H. R. Co., 164 N. Y. 145, 58 N. E. 50, 51 L. R.

A. 235, 79 Am. St. Rep. 635. The question there presented was whether such an action survived the death of the sole administrator and next of kin, and it was held that it did, because the statute gave the right of action to recover damages for wrongs done to property rights, and not for injuries to the person of the decedent. After an elaborate review of the authorities as to the origin and nature of such an action, the court unanimously concludes that the action is one to recover for a wrong done to the property rights or interests of the beneficiaries because the death deprived them of some pecuniary benefit reasonably to be expected from the continuance in life of the decedent.

The Code expressly providing that an execution against the person may issue in an action brought to recover damages for injury to property, there seems no reason why it should not include such property rights as are given to the next of kin of one whose death is caused by negligence. This conclusion is in accordance with the spirit of the law giving the extreme remedy of body execution for the recovery of damages brought about by wrongful act or omission. If this action had been brought by the administrator against the defendant for injury to the horse which the plaintiff's intestate had been driving at the time of his death, only, it could hardly be said that an execution against the defendant's person could not be issued. The judgment in the present case having been obtained for an injury to the property rights of the beneficiaries, it must follow that an execution against the person was proper.

The order should be reversed, and the defendant remanded to the custody of the sheriff of Warren county, with $10 costs and disbursements against the respondent. All concur, except SMITH, J., who dissents.