jury, to the end·that the care of the person and the property of the alleged incompetent may be confided to some suitable person, to the end that he may pass his declining years in peace and quiet, and that his property may be preserved from attempts of designing persons to secure it to themselves by taking advantage of the weakness and imbecility of its owner.

Motion granted.

---

## DAVIDS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   April 21, 1905.)

1. EXECUTION AGAINST THE PERSON—ARREST OF PLAINTIFF.
    If the nature of the action is such that an execution against the person could issue against the defendant, such an execution may be issued against the plaintiff on a judgment against him for the costs.

2. SAME—LIABILITY OF MASTER FOR TORT OF SERVANT.
    Under Code Civ. Proc. § 549, subd. 2, giving the right to execution against the person where the action is brought to recover damages for personal injury, and section 3343, subd. 9, defining a personal injury to include an assault or other injury to the person, a master is subject to arrest in an action against him for an assault committed by a servant in the course of his employment.

3. SAME—ACTION AGAINST CORPORATION.
    Under these sections the plaintiff, in an action against a corporation for personal injuries inflicted by a servant, may be arrested on judgment against him for costs, although, owing to the corporate nature of the defendant, it was not subject to arrest.

Appeal from Kings County Court.

Action by Charles H. Davids against the Brooklyn Heights Railroad Company.   From an order vacating an execution issued upon a judgment for costs against the person of the plaintiff, defendant appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

D. A. Marsh, for appellant.

Robert Stewart (Thos. F. Magner, on the brief), for respondent.

HIRSCHBERG, P. J.·  The action was brought in the County Court of Kings county to recover damages alleged to have been suffered by the plaintiff as the result of an assault upon his person, committed by one of the defendant's conductors while he was a passenger on one of its street cars.   The trial resulted in a verdict in the defendant's favor, and, in default of property, the plaintiff was arrested and imprisoned on an execution against the person, issued upon a judgment entered against him for the costs.   The order appealed from sets the execution aside upon the ground that such process may not issue against an unsuccessful plaintiff unless similar process could have been issued in his favor had he recovered a judgment, and that such process could not issue in his behalf unless the wrong· complained of in the action was committed by the defendant personally, as distinguished from a wrong for the

consequences of which the defendant is liable only by imputation of law. The ground of the decision is expressed by the learned county judge in an elaborate and forcible opinion, but I am constrained to the view that the reasoning and conclusion are unsound.

If the nature of the action is such that an execution against the person could be issued upon a judgment recovered by the plaintiff, there can be no doubt that such an execution may issue on a judgment entered against him for the costs. This was held in Philbrook v. Kellogg, 21 Hun, 238, and in Miller v. Woodhead, 52 Hun, 127, 5 N. Y. Supp. 88, and quite recently by this court in Saffier v. Haft, 86 App. Div. 284, 83 N. Y. Supp. 763. The controlling determination is the tortious character of the cause of action, and not the mere consideration whether or not the arrest and imprisonment of the defendant would for any reason, such as incorporation or otherwise, be a practical possibility. Indeed, in the early case of Miller v. Scherder, 2 N. Y. 262, it was held that where a complaint united causes of action upon contract and in tort, so that the defendant would have been exempted from imprisonment on execution under a judgment rendered against him, he could nevertheless imprison the plaintiff, who failed in the action, upon execution for the costs. The court said (page 268):

"In a case thus situated, the plaintiff, having elected to join a nonimprisonment cause of action with one of a different character, shall be deemed to have elected to take his remedy against property alone, because the law will not allow him to prejudice the rights of the defendant by mingling his damages. But we see no reason for applying the same rule to the case of a plaintiff who fails to recover in such an action. Although the law will allow him to elect, against himself, a less beneficial remedy, he cannot thus limit the defendant's rights. If he chooses to combine in the same action tort and breach of contract, and fails in both, he should be held to have conferred upon the defendant the most beneficial remedy, for recovery of the costs, which either cause of action will confer, if it had constituted the sole cause."

The provisions of the Code of Civil Procedure permit the issuance of an execution against the person in an action to recover damages for such a personal injury as is asserted in the complaint herein, whether the gravamen of the cause of action be regarded as the defendant's negligence in failing to fulfill the duties imposed upon it as a carrier of passengers, or as the physical assault committed by its servant. The fact that the wrong was inflicted by an agent would not in itself deprive the injured party of the right to resort to the lawful methods provided for the collection of his claim for damages. By subdivision 2 of section 549 of the Code of Civil Procedure the right to arrest is conferred where the action is brought to recover damages for a personal injury, and by subdivision 9 of section 3343 a personal injury is defined to include an assault or other actionable injury to the person. It follows that an arrest may be lawful where the action is for injuries resulting from either negligence or assault, and no case is cited in support of the proposition upon which the order appealed from is based, viz., that the right is dependent upon the defendant's individual or personal transgression, and may not be extended to a case where his servant, acting in his physical employment and within the scope of the au-

thority conferred thereunder, but not in his presence or with his knowledge, sanction, or ratification, has inflicted the wrong complained of. Imprisonment for debt was the rule of the common law, and the statutes in question are in mitigation of its harshness. They are effective only in so far as the Legislature has seen fit to make them so. The learned county judge concedes in his opinion that the plain and ordinary reading of the sections of the Code of Civil Procedure above referred to authorize an arrest in actions for imputed or constructive negligence or assault, and, this being so, there would seem to be no room for a judicial construction which would avoid that result. The liability of the master to respond in damages for his servant's wrongful act committed within the scope of his employment is unquestioned, and such liability includes all the usual legal remedies for the collection of the damages, when awarded, which have not been forbidden by express legislative enactment or necessary legislative intendment.

The order should be reversed.

Order of the County Court of Kings county reversed, with $10 costs and disbursements. All concur.