7495

*EX PARTE* BERRY, *IN RE* KIMBRELL v. BERRY.

CONSTITUTIONAL · LAW—TORT—DEBT.—A judgment for damages for injury from a battery is not included in the constitutional provision as to imprisonment for debt and may be enforced against defendant by imprisonment by execution against his person after *nulla bona* return on execution against his property.

Before SEASE, J., Spartanburg, May, 1909.    Affirmed.

Petition by John Berry *in re* A. S. Kimbrell against John Berry.    From circuit order refusing petition, petitioner appeals.

*Messrs. Carson & Boyd,* for appellant, cite: *This judgment is included in the term "debt" in Constitution:* 36 Fed., 726; 115 Mass., 52; 6 Cal., 239; 57 Ga., 407; 65 Ga., 240; 17 Wis., 395; 46 Mich., 459; 38 Fed. R., 144; 5 S. C., 340; 28 S. C., 53; 13 Cyc., 399; 106 Ala., 335.

*Messrs. Wilson & Osborne,* contra.

March 16, 1910.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    A. S. Kimbrell instituted an action against John Berry to recover damages for assault and battery.    The clerk issued an order for the arrest of Berry under subdivision 6, section 200 of Code of Procedure. After his arrest, the defendant was released on giving the undertaking required by section 208 of Code of Procedure. The plaintiff Kimbrell recovered judgment in the action for one hundred and twenty-seven dollars and sixty-six cents; and an execution issued against the property of Berry was returned *nulla bona.*    The plaintiff then caused an execution against the person of the defendant to be issued under section 307 of Code of Procedure, which the sheriff enforced

on May 1st, 1909, by taking the defendant into his custody. On the same day defendant applied to Judge Sease for release under a writ of *habeas corpus,* alleging his imprisonment to be in violation of Art. I, section 24 of the Constitution, which provides: that "no person shall be imprisoned for debt except in cases of fraud." Judge Sease refused to release the defendant, holding that judgment in an action of tort is not a debt within the meaning of the Constitution. The sole question raised by the appeal is whether this conclusion of the Circuit Judge was correct.

The sheriff is holding the defendant in custody in obedience to the statute law of the State. All doubts as to the constitutionality of the statute should be solved in its favor. *Columbia & G. Ry. Co.* v. *Gibbes,* 24 S. C., 60.

A few cases are to be found in which the doctrine is asserted that the inhibition against imprisonment for debt, except in cases of fraud, applies to the civil liability for torts; but the term "debt," as used in the Constitution, is held by the great weight of authority to embrace obligations arising out of contract, and to exclude liability for torts and fines imposed for crime. *Ex parte Holman,* 79 S. C., 9, 60 S. E., 19; Cooley on Constitutional Limitations, 341. The cases so holding are quite numerous and will be found collated in *Carr* v. *State,* 34 L. R. A., 634; note, *State v. Brewer* (S. C.), 37 Am. St., 760; 16 Am. & Eng. Enc., 17; 8 Cyc., 881.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.