### LEVISON et al. v. HARRIS.

(Supreme Court, Appellate Term. February 15, 1912.)

EXECUTION (§ 432*)—EXECUTION AGAINST PERSON—VACATION.

Under Code Civ. Proc. § 572, providing for an execution against the person within 10 days after the return of an execution against the property unsatisfied, an unexplained delay in issuing a body execution for more than 10 days after the return of a property execution unsatisfied necessitates the vacation of the body execution.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1213; Dec. Dig. § 432.*]

Appeal from City Court of New York, Special Term.

Action by Isaac Levison and another against Henry Harris. From an order of the City Court of the City of New York, denying the motion of defendant to vacate a body execution issued against him, he appeals. Reversed.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Diamond & Abrahams (Milton Diamond, of counsel), for appellant. I. Gainsburg, for respondents.

SEABURY, J. The defendant appeals from an order denying his motion to vacate the body execution issued against him. The action was brought to recover damages for conversion, and resulted in a judgment in favor of the plaintiffs. Execution upon the judgment was returned unsatisfied. At the commencement of the action the defendant was arrested, and was released under an undertaking. After the return of the execution unsatisfied, the defendant was again arrested, and confined in the county jail until he gave a bond entitling him to the jail liberties.

The motion to vacate the body execution was made upon the ground that the same was not issued within 10 days after the return of the

property execution unsatisfied, and was not issued within 3 months after the entry of judgment. Execution was returned unsatisfied on October 26, 1911, and the defendant was arrested pursuant to the body execution on November 10, 1911. Under the provisions of section 572 of the Code of Civil Procedure, it is provided that, except in a case where an order of arrest can be granted only by the court, if the plaintiff neglects to issue execution against the person of the defendant within 10 days after the return of the execution against the property, and in any event neglects to issue the same within 3 months after the entry of the judgment, the plaintiff must, upon his application, be relieved from imprisonment. Execution against the defendant's property was not issued until 10 months after the entry of judgment, and more than 10 days elapsed between the return of the execution against the defendant's property and the issue of the execution against the person of the defendant.

The plaintiff attempts to explain the delay intervening between the date upon which judgment was entered and the date upon which execution was issued against the defendant's property. No excuse, however, is offered for the delay in issuing the body execution after the return of the execution unsatisfied against the defendant's property. More than 10 days having elapsed between these two events, it follows that under section 572 of the Code the defendant is entitled to a supersedeas. Segelke v. Finan, 22 Abb. N. C. 458, 5 N. Y. Supp. 671; Redner v. Jewett, 72 Hun, 598, 25 N. Y. Supp. 273.

Order reversed, with $10 costs and disbursements, and the execution against the person of the defendant is vacated. All concur.