ANNIE WEINUS, as Administratrix, etc., of MORRIS WEINUS, Respondent, v. BENJAMIN LIGHT and Others, Defendants, Impleaded with J. LEWIS WEINBERG, Appellant.

First Department, April 26, 1918.

Arrest — body execution on judgment of City Court of New York — conditions precedent — Code of Civil Procedure construed.

The only condition precedent to the issuance of a body execution where such an execution may be issued and the judgment debtor is at large, is the issuance and return wholly or partly unsatisfied of a property execution to the sheriff of the county in which the judgment debtor, if a resident of the State, resided.

Subdivision 1 of section 338 of the Code of Civil Procedure, providing that an execution upon a judgment rendered in the City Court of New York for more than twenty-five dollars may be issued to the sheriff of any county where the judgment has been duly docketed, should be construed as relating only to executions against property, in order to harmonize with the other provisions of the Code of Civil Procedure, and does not require the docketing of a judgment in another county as a condition precedent to issuing a body execution on a judgment in the City Court.

A body execution is not required by section 572 of the Code of Civil Procedure to be issued within three months after the recovery of the judgment, as the provisions of said section are applicable only to an order of arrest and were designed to limit the extension of the period of imprisonment which would occur if the defendant could be held indefinitely under the order of arrest and then taken on a body execution.

MOTION by the defendant, J. Lewis Weinberg, for a reargument or for leave to appeal to the Court of Appeals on an affirmance by the Appellate Division without opinion of a determination of the Appellate Term affirming an order of the City Court of the City of New York denying his motion to vacate a body execution.

*J. L. Weinberg*, for the motion

*Martin Gollubier*, opposed.

PER CURIAM:

The body execution was issued on the 30th day of March, 1917, on a judgment theretofore and on the 13th of May, 1910, duly entered on a verdict rendered against the appellant and others in this action for an indebtedness alleged and found by the verdict to have been fraudulently contracted on false and fraudulent representations made by appellant and others to induce and which did induce the assignor of the plaintiff relying thereon to part with value. On the day the judgment was recovered an execution against the property of the judgment debtors was duly issued thereon to the sheriff of the county of New York, who duly returned it unsatisfied on the twentieth of July thereafter. The judgment was for $2,098.92. The appellant paid $250 to apply thereon and the body execution was issued for the balance which remained unsatisfied.

The body execution was issued to the sheriff of the county of Kings and it erroneously recites that the judgment had been duly docketed in that county. Docketing in that county was necessary before a property execution could be issued to the sheriff thereof (Code Civ. Proc. §§ 338, 1365), but the only condition precedent to the issuance of a body execution, where such an execution may be issued and the judgment debtor was at large, was the issuance and return, wholly or partly, unsatisfied of a property execution to the sheriff of the county in which the judgment debtor, if a resident of the State, resided. (Code Civ. Proc. § 1489; 3 Nichols Pr. 3203.) It is recited in the execution, as required by section 1372 of the Code of Civil Procedure, that a property execution was

duly issued to the sheriff of the county of New York and that the judgment debtor then resided and still resides in that county and that it was returned wholly unsatisfied.

The City Court was and is a court of record, and said sections of the Code of Civil Procedure are applicable to executions issued on a judgment recovered therein. (Judiciary Law [Consol. Laws, chap. 30; Laws of 1909, chap. 35], § 2; Code Civ. Proc. §§ 2, 3159, 3347, subd. 10; *Dunham* v. *Reilly*, 110 N. Y. 366; *Segelke* v. *Finan*, 5 N. Y. Supp. 671.) In view of these general provisions with respect to the issuance of body executions, which are so rendered applicable to judgments recovered in the City Court, subdivision 1 of section 338, which provides that an execution upon a judgment rendered in that court for more than twenty-five dollars may be issued to the sheriff of any county wherein the judgment has been duly docketed, should be construed as relating only to executions against *property* in order to harmonize with the other provisions of the Code of Civil Procedure hereinbefore cited, for there is no reason why the Legislature should require the docketing of a judgment in another county as a condition precedent to issuing a body execution on a judgment in the City Court when that is not required with respect to judgments recovered in other courts, and, therefore, it would be unreasonable to impute to the Legislature such intent. The provisions of the Code of Civil Procedure applicable only to the City Court do not purport to authorize or to regulate *body* executions, and, therefore, the authority therefor is to be found in the other provisions of the Code of Civil Procedure to which reference has been made and they are to be taken as applicable without being limited by said section 338. Any other construction would render the right to a body execution on a City Court judgment of but little value unless the judgment creditor should in all cases incur the expense of docketing the judgment in every county in the State where the judgment debtor may at any time happen to be. The only decision counsel for appellant cites in support of his construction of said section 338 is one by the City Court at General Term in *Longuemare* v. *Nichols* (18 Civ. Proc. Rep. 93, n.), but there the defendant resided in Kings county, and, there-

fore, it was necessary to file a transcript and issue execution there as conditions precedent to the right to a body execution.

Appellant also contends that the body execution should be vacated because it was not issued within three months after the recovery of the judgment. His argument is based on the provisions of section 572 of the Code of Civil Procedure, which are so involved that if their meaning had not been authoritatively adjudicated it would require a consideration of their origin to construe them. However, after many conflicting decisions concerning the construction of the provisions of that section with respect to neglecting to issue execution against the person within three months after the entry of the judgment (See *Havemeyer Sugar Refining Co.* v. *Tausig,* 19 Abb. N. C. 57; *Segelke* v. *Finan,* 22 id. 458), it was finally decided and is now authoritatively settled that those provisions are applicable only to an order of arrest and were designed to limit the extension of the period of imprisonment which would occur if the defendant could be held indefinitely under the order of arrest and then taken on a body execution. (*Sweet* v. *Norris,* 12 Civ. Proc. Rep. 175; affd., 110 N. Y. 668; *People ex rel. Harris* v. *Gill,* 85 App. Div. 192; affd., 176 N. Y. 606; *Perry* v. *Kent,* 88 Hun, 407; affd., 157 N. Y. 710. See, also, *Perry* v. *Hughes,* 82 Hun, 614; *Redner* v. *Jewett,* 72 id. 598; *Quigley* v. *Baumann,* 29 Misc. Rep. 515; *Moffatt* v. *Fulton,* 132 N. Y. 520, opinion by PARKER, J.)

The other objections to the validity of the execution are frivolous. All points relating to jurisdiction have heretofore been authoritively decided adversely to the contentions of the appellant with the exception of the construction of section 338 of the Code of Civil Procedure which he claims relates to *all* executions on City Court judgments. We have no doubt with respect to the correctness of the construction we have given to that section and we do not deem the question of sufficient public importance to warrant sending the case to the Court of Appeals, and the motion should, therefore, be denied, with ten dollars costs.

Present — CLARKE, P. J., DOWLING, SMITH, PAGE and SHEARN, JJ.

Motion denied, with ten dollars costs.