(No. 12261.—Writ denied.)

THE PEOPLE ex rel. Lena Mark, Petitioner, vs. CHARLES
M. WALKER, Judge, et al. Respondents.

*Opinion filed February 20, 1919.*

1. CONSTITUTIONAL LAW—*provision of constitution against im-
prisonment for debt does not apply to tort actions.* The provision
of the constitution abolishing imprisonment for debt applies only
to actions upon contracts, express or implied, and does not extend
to actions for torts.

2. MANDAMUS—*it is the duty of the clerk, and not the court,
to issue capias ad satisfaciendum.* Where a plaintiff obtains a
judgment in an action of trespass for assault and battery the stat-
ute authorizes the writ of *capias ad satisfaciendum* in the same
terms as an execution against the defendant's property, and by
force of the judgment it is the duty of the clerk to issue the writ
upon the request of the plaintiff; but the judge of the court can
not be compelled by *mandamus* to order the writ, as such action
is not necessary.

3. TRESPASS—*malice is of the gist of action for assault and bat-
tery.* Malice is of the gist of an action of trespass for an assault
and battery.

ORIGINAL petition for *mandamus.*

HAROLD O. MULKS, for petitioner.

WALTER M. FARMER, for respondents.

Mr. JUSTICE DUNN delivered the opinion of the court:

Lena Mark recovered a judgment at the April term,
1918, of the circuit court of Cook county against Hyman
Schulman for $400 damages in an action of trespass for
an assault and battery. The judgment remaining in full
force, not stayed by any appeal, *supersedeas,* injunction or
other order of any court, and being wholly unpaid, plain-
tiff on June 1, 1918, pursuant to notice given the defend-
ant, moved the court to enter an order directing the clerk
to issue a *capias ad satisfaciendum* against the defendant.
The defendant resisted the motion on the ground that the

writ could not lawfully issue unless malice or an actual intention to commit a wrong had been proved against the defendant and that no such proof had been made at the trial, and the court, the Hon. Charles M. Walker presiding, refused on that ground to order the writ issued. Thereupon the plaintiff, pursuant to leave granted at the June term of this court, filed a petition against the defendant and Judge Walker, alleging the foregoing facts and praying for a writ of *mandamus* commanding Judge Walker to order the clerk of the circuit court to issue the writ of *capias ad satisfaciendum.* The cause has been submitted for decision upon demurrer to the petition.

Sections 4 and 5 of chapter 77 of the Revised Statutes provide that the person in whose favor any judgment may be obtained may have execution thereon, in the usual form, against the lands and tenements, goods and chattels of the person against whom the judgment is obtained, or against his body when the same is authorized by law, but that no execution shall issue against the body except when the judgment shall have been obtained for a tort committed by the defendant, or unless the defendant shall have been held to bail or shall refuse to deliver up his estate for the benefit of his creditors. Our constitution has abolished imprisonment for debt except for a refusal to deliver up property for the benefit of creditors or in cases where there is strong presumption of fraud. But this prohibition applies only to actions upon contracts, express or implied, and does not extend to actions for torts. (*People* v. *Cotton,* 14 Ill. 414; *McKindley* v. *Rising,* 28 id. 337; *Rich* v. *People,* 66 id. 513; *Kennedy* v. *People,* 122 id. 649.) The judgment against the defendant Schulman was for a tort, being for an assault and battery alleged in each count of the declaration to have been committed with force and arms upon the person of the plaintiff. The statute provides that the plaintiff may have execution against the body of the defendant when the same is authorized by law but does not

declare when the same is authorized by law, though it does except from the prohibition against such an execution judgments obtained for a tort committed by the defendant, thus impliedly recognizing that in such cases an execution against the body is authorized by law.   In case of all injuries accompanied by force the common law originally provided a process against the defendant's person, subjecting him to imprisonment by the writ of *capias ad respondendum,* and upon judgment rendered authorized his imprisonment through the means of a *capias ad satisfaciendum* until satisfaction was made of the judgment.  The use of the *capias ad respondendum* was early extended by various statutes to other cases, and the *capias ad satisfaciendum* was held to follow as a common law incident.   With these latter cases we have no concern here, for this case comes under the head of injuries accompanied by force, in which the *capias ad satisfaciendum* was clearly authorized by law.   There was no necessity for an application to the court for an order directing the clerk to issue the writ, for the statute authorized it in the same terms as an execution against the defendant's property.   By force of the judgment it was the duty of the clerk to issue the writ upon the request of the plaintiff.   If he should refuse to do so the plaintiff could apply for a writ of *mandamus* against him, but no action of the court is necessary or can be coerced.   The question whether malice is the gist of the action is of no importance, so far as the issue of the writ is concerned.   It is important where the defendant applies for his discharge under the insolvent laws, and it may be remarked that we have held that malice is of the gist of the action in trespass for an assault and battery. ' *In re Murphy,* 109 Ill. 31; *In re Mullin,* 118 id. 551.

The writ of *mandamus* is denied.

*Writ denied.*