11445

## STIDHAM v. DUBOSE

### (121 S. E., 791)

1. ARREST—DEFENDANT MAY BE ARRESTED AND HELD TO BAIL IN ALL CASES OF PERSONAL INJURY.—Under Civ. Code Proc. 1922, § 442, Subd. 6, in all cases of personal injury the defendant may be arrested and held to bail.

2. CONSTITUTIONAL LAW—CONSTITUTIONAL PROVISION PROHIBITING IMPRISONMENT FOR "DEBT" APPLICABLE ONLY TO CONTRACTUAL DEBTS.—The constitutional provision prohibiting imprisonment for "debt" applies only to debts arising *ex contractu,* and has no application to obligations *ex delicto.*

Before M. L. BONHAM, SPECIAL JUDGE, Clarendon, April, 1923. Reversed and remanded.

Action by S. L. Stidham against Richard E. DuBose. From an order vacating an order of arrest issued under Sec. 230, Subd. 6, Code Proc. 1912, the plaintiff appeals.

*Mr. Harold C. Curtis,* for appellant, cites: *Arrest in civil actions:* Code Proc. 1912, Sec. 2301; Code Proc. 1922, Sec. 442; 5. C. J., 445; 52 N. Y. S., 236; 29 Pa. Dist., 652; 92 N. Y., 220.

*Messrs. Dinkins & Stukes,* for respondent, cite: *Arrest in civil action will not lie for simple negligence:* 89 S. E., 1063; 93 S. E., 967; 33 Que. Sup. Ct., 305; 5 Que. Pr., 173; 5 C. J. 444. *Attachment statute negatives idea of arrest:* 27 Stat. 737; 102 S. C., 487; 82 S. C., 242; 91 S. C., 377; 36 Cyc., 1145. *Construction must be favorable to defendant:* 139 Pa., 25; 70 Pac., 767; 14 Mich., 108. *New York rule too broad:* 202 Fed., 816.

March 11, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

NOTE—On questions relating to constitutionality of imprisonment for debt, see notes in 34 L. R. A., 634 and L. R. A., 1915B, 645.

The plaintiff while walking upon a public highway, at night, was run down and injured by an automobile operated by the defendant. He instituted the present action for damages, alleging that the injury was caused by the negligence of the defendant in certain particulars; he did not allege that it was caused by the willful or malicious conduct of the defendant.

At the time of the commencement of the action the plaintiff sued out an attachment against the automobile and procured a warrant for the arrest of the defendant under the arrest and bail provisions of the Code, Section 442 et seq. (1922). He based his right to have the defendant arrested upon subdivision 6 of Section 442, which provides that the defendant may be arrested "in an action for the recovery of damages in a cause of action not arising out of contract * * * when the action is for an injury to person. * * *"

The defendant was arrested and made a motion before Hon. M. L. Bonham, special Judge, for an order discharging him from arrest. The motion specifies no grounds. Upon the hearing the special Judge passed an order discharging the defendant. His order is equally barren of supporting grounds, but from the plaintiff's exceptions and the argument, no objection having been interposed to the form of the notice or order, we assume that the order was based upon the ground that the defendant cannot be arrested in a civil action for an injury to the person of the plaintiff caused by the negligence of the defendant; that there must be some allegation involving moral turpitude, malice, or willfulness, in the complaint, to justify so drastic a proceeding; and upon this appeal of the plaintiff from the order of discharge that question alone is involved.

If we consider the terms of the statute, it will be found that there is no characterization of the personal injury constituting the cause of action justifying an arrest. If the cause of action is for a personal injury, whether inflicted negligently or maliciously, the statute authorizes the arrest;

it is certainly broad enough in its terms to cover either. There must be produced then some reason, constitutional or otherwise, demanding a restrictive application of the comprehensive terms of the statute.

It has been suggested that the constitutional provision prohibiting imprisonment for debt is an obstacle.

Against this objection, however, is the well-established principle that the constitutional inhibition lies only against debts arising *ex contractu;* it has no application to obligations *ex delicto.* As the Court says in *Ex parte Berry,* 85 S. C., 243; 67 S. E., 225; 20 Ann. Cas., 1344:

"A few cases are to be found in which the doctrine is asserted that the inhibition against imprisonment for debt, except in cases of fraud, applies to the civil liability for torts; but the term 'debt,' as used in the Constitution, is held by the great weight of authority to embrace obligations arising out of contract, and to exclude liability for torts and fines imposed for crime. *Ex parte Holman,* 79 S. C., 9; 60 S. E., 19; Cooley on Constitutional Limitations, 341. The cases so holding are quite numerous and will be found collated in *Carr v. State,* 34 L. R. A., 634, note, *State v. Brewer* (S. C.), 37 Am. St., 760; 16 Am. & Eng. Enc., 17; 8 Cyc., 881."

In *People v. Walker,* 286 Ill., 541; 122 N. E., 92, it is said:

"Our Constitution has abolished imprisonment for debt except * * * or in cases * * * of fraud. But this prohibition applies only to actions upon contracts, express or implied, and does not extend to actions for torts."

That objection being removed, we can see no reason to thwart the manifest legislative intent that in all cases of personal injury the defendant may be arrested and held to bail.

The five preceding subdivisions of Section 442 are explicit in declaring the circumstances in the several instances justifying arrest. Most of them present instances of fraudu-

lent conduct. If the Legislature had intended to impose any such conditions to subdivision 6, or conditions of willfulness, malice, gross negligence, or moral turpitude, it could readily have done so.

It is significant, too, that in subdivision 6 arrest is permitted "for injury or for wrongful taking, detaining or converting property" without imposing a condition that such injury, taking, detaining, or converting shall be done with malice.

In 5 C. J., 445, it is said:

"In an action to recover damages for personal injuries it is not necessary, in order to render the defendant liable to arrest, that the injury complained of should be willful; it is sufficient to authorize the defendant's arrest that the injury was caused by his negligence."

In *Gallagher v. Dolan,* 27 Misc. Rep., 122; 57 N. Y. Supp., 334, it is held that an execution against the person of the debtor will not be set aside on the ground that the negligence consisted of an omission rather than a willful wrong.

*People v. Gill,* 176 N. Y., 606; 68 N. E., 1122, affirms 85 App. Div., 192; 83 N. Y. Supp., 135, holding that a judgment in an action for negligent personal injury might be enforced by an execution against the person.

*Davids v. R. Co.,* 182 N. Y., 526; 74 N. E., 1116, affirms 104 App. Div., 23; 93 N. Y. Supp., 285, holding that a judgment in an action for assault and battery might be enforced by an execution against the person.

In *Ossmann v. Crowley,* 101 App. Div., 597; 92 N. Y. Supp., 29, it was held that an injury inflicted through the negligence of defendant's servant authorized the arrest of the defendant under a Code provision identical with that of South Carolina.

In *Sawyer v. Nelson,* 44 Ill. App., 184, it is held that where it appears from the declaration that the action is upon a tort an execution against the person may issue.

In *Burkle v. Ells,* 4 How. Prac. (N. Y.), 288, it is held that an execution against the person may issue against the defendant, a common carrier, in an action based upon negligence.

In *Keeler v. Clark,* 18 Abb. Prac. (N. Y.), 154, it is held that in an action for negligently injuring property of plaintiff in the possession of defendant, an execution against the person of the defendant may be issued.

In *Ritterman v. Ropes,* 7 Civ. Proc. R. (N. Y.), 392, it is held that the Code authorizing the arrest of the defendant in a judgment for personal injuries includes a judgment for damages for negligence; that the statute does not mean that the defendant can be arrested only when the injury is willful.

The Illinois statute authorizes arrest in cases of tort.   In *People v. Walker,* 286 Ill., 541; 122 N. E., 92, the Court held that it was justifiable in cases of assault and battery; that at common law it was allowed in all cases of injury accompanied by force.

The cases from North Carolina cited by counsel for respondent are based upon a construction of the constitutional provision relating to imprisonment for debt, contrary to the construction by this Court of a similar provision in *Ex parte Berry, supra.*

The judgment of this Court is that the order appealed from be reversed, and that the case be remanded to the Circuit Court for further proceedings consistent herewith.

MESSRS. JUSTICES WATTS and MARION concur.

MR. JUSTICE FRASER concurs in result.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE FRASER: I concur in the result. I do not think that injury from mere negligence will warrant an arrest.   While the complaint does not use vituperative epithets, it does allege a violation of the criminal law, and malice may be inferred.   To arrest a party to secure the payment of a debt that arises from mere negligence is, I

think, in violation of the Constitution. The civilized world has revolted from imprisonment for debt, which may mean life imprisonment for a mere act of inadvertence. I think the leading opinion goes too far, but I concur in result for the reasons stated.