C. I. T. CORPORATION, Plaintiff, *v.* GEORGE BEIDELMAN, Defendant.*

Supreme Court, Steuben County, November 14, 1941

*William B. Rosenberg,* for the plaintiff.

*W. Earle Costello,* for the defendant.

WHEELER, J.  The defendant is seeking a discharge from an order of arrest, pursuant to section 846 of the Civil Practice Act.

The action, charging defendant with conversion, was commenced December 26, 1939.  Defendant was arrested by order of this court on December 28, 1939, and thereafter released under bail in the manner provided in section 849 of the Civil Practice Act.  Judgment was entered against defendant April 7, 1941, but no execution against the person was issued until October 14, 1941, a period of more than three months after the entry of judgment.

Defendant contends that under such circumstances the provision of section 846, " and in any event neglects to issue the same within three months after the entry of judgment,  * * *  the defendant  * * *  must be discharged," is mandatory, and not subject to judicial discretion.

This involved section containing but a single main sentence of some 240 words, has been the source of much confusion and the cause of many conflicting decisions.  It is true that later decisions have in part clarified the section.  The provision relating to the issuance of execution against the person within three months after judgment, is held to apply to only those cases where an order of arrest has been issued, the purpose, it is explained, being to limit the extension of the period of imprisonment which would occur if the defendant could be held indefinitely under an order of arrest and then taken on a body execution.  (*People ex rel.*

* Affd., 263 App. Div. 1053.

*Harris* v. *Gill,* 85 App. Div. 192; *Havemeyer Sugar Refining Co.* v. *Taussig,* 44 Hun, 475; *Weinus* v. *Light,* 183 App. Div. 591.) It has no application to a case where the provisional remedy of an order of arrest has not been issued. (*Andrews* v. *Gardiner,* 185 App. Div. 477.) Likewise it includes not only those cases where the judgment debtor is still in custody under an order of arrest, but also those where he has given an undertaking to respond to any execution against his person. (*People ex rel. Harris* v. *Gill, supra.*)

Notwithstanding the various decisions, there still remains a grave uncertainty as to whether it is mandatory upon the court to discharge a defendant in the event that a body execution is not issued within three months from the rendition of judgment.

At the end of the main sentence of the section, after the provisions for the discharge of defendant under the numerous conditions set forth, appear the words " unless reasonable cause is shown why the application should not be granted." From a grammatical viewpoint this final clause would seem to qualify the entire sentence. However, the courts have not so construed it, but on the contrary have specifically held that when an execution against the person has not been issued within the three months' period following judgment, the defendant is entitled to be released from arrest. (*Gellar* v. *Baer,* 12 Civ. Proc. 433; *People ex rel. Harris* v. *Gill, supra; Havemeyer Sugar Refining Co.* v. *Taussig, supra.*) In the *Havemeyer* case the court stated: " it was the intention of this section that they should remain subject to no such control beyond the period of three months after entry of judgment." A contrary view is expressed in *Steamship Richmond Hill Co.* v. *Seager* (31 App. Div. 288). However, the opinion as it relates to this subject must be considered as obiter, as the section was held not to apply due to the fact that no order of arrest had been granted in that case.

No other decisions covering the point under discussion have been called to my attention, nor have any been found after independent investigation. The doubt regarding the mandatory feature of the section still remains, and in as much as the statute is remedial in character and in the interest of the debtor, it seems only proper that the uncertainty should be resolved in his favor.

Even should it be assumed that the above conclusion is incorrect and that the court does in fact have discretionary power in cases where the plaintiff shows reasonable cause for delay, the defendant is nevertheless entitled to his discharge. The only excuse advanced by plaintiff for the delay in issuing execution is that an appeal was pending from the judgment. The Appellate Division in

*Havemeyer Sugar Refining Co.* v. *Taussig* (*supra*) has expressed its opinion on this precise subject in the following language: " But such an appeal, without staying the proceedings in the action, will not be attended with the effect of enlarging the time within which under this section of the statute the execution must be issued against the body or prevent the defendants from obtaining their discharge from its liability."

For the reasons stated the defendant's application for discharge is granted.